The Chicago Title and Trust Company *et al.*

*v.*

Frederick Goldsmith *et al.*

*Opinion filed April 21, 1898—Rehearing denied June 9, 1898.*

1. Replevin—*what facts in replevin suit are finally settled in Appellate Court.* On appeal from an action of replevin the identity of the goods taken, the making of a sufficient tender of the notes received in payment for the goods and the making of a demand for the latter are questions of fact finally settled by the Appellate Court's judgment of affirmance.

2. Instructions—*error in instructions must be misleading to work reversal.* Error in instructions will not work reversal where, considering the instructions as a whole and in view of the character of the evidence given, it is not probable that the jury were or could have been misled.

3. Appeals and errors—*rejected testimony should be preserved by bill of exceptions.* Whether the trial court erred in refusing to admit a paper in evidence cannot be determined by the Supreme Court on appeal, where the bill of exceptions fails to show what the refused paper contained.

*Leon* v. *Goldsmith,* 69 Ill. App. 22, affirmed.

Writ of Error to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Charles G. Neely, Judge, presiding.

Moses, Rosenthal & Kennedy, for plaintiffs in error.

Felsenthal & D'Ancona, for defendants in error.

Mr. Justice Carter delivered the opinion of the court:

The Appellate Court has affirmed a judgment of the circuit court of Cook county that defendants in error have and retain 126 certain diamonds which they had replevied from one Harry Leon. After the writ of replevin had been served on Leon he assigned his property for the benefit of creditors, and his assignee, the Chicago Title and Trust Company, thereafter contested the suit with defendants in error.

In August, 1895,—a few months before the suit was commenced,—Leon, who was engaged in the jewelry business in Chicago, by false and fraudulent representations as to his financial responsibility and credit, purchased of defendants in error 128 diamonds at the price of $6465.39, for which he gave his promissory notes, payable at different dates, of five months and upwards after they were given. Defendants in error, before the maturity of the notes, apprehending danger of loss, sought to rescind the sale, and offered to return the notes and reclaim the property. Leon, while admitting that he had the diamonds, refused to return them, and defendants in error then took the 126 stones in controversy by replevin.

Notwithstanding the affirmance of the judgment below by the Appellate Court, much of the argument of counsel has been devoted to questions of fact, which by such affirmance have been finally settled. The courts below have found that there was a sufficient tender by defendants in error to Leon of his notes, and a demand for the return of the diamonds, before suit brought, and that question is not open to review here.

It was not denied that Leon obtained by fraud the diamonds which he pretended to purchase from defendants in error, nor that they had the right to rescind the sale and reclaim their property by replevin if they could find it, but, while insisting that there was no rescission, the main contention of plaintiffs in error was that the diamonds taken on the writ were not the ones obtained from defendants in error,—and on this record the identity of the property must be regarded as the only meritorious question in the case. Unless caused by some error of law, the judgment of the Appellate Court is, of course, conclusive of the identity of the property,—that is, that the 126 diamonds taken under the writ were 126 of the 128 diamonds purchased by Leon of defendants in error.

But plaintiffs in error contend that the trial court erred in refusing to admit in evidence the proof of claim

filed by defendants in error with the assignee. As bearing upon the identity of the property, it was shown that the 128 diamonds purchased weighed one hundred and seven carats, but that the 126 replevied were returned by the sheriff and receipted for by defendants in error as weighing only seventy-seven carats. As tending to account for this discrepancy, Goldsmith testified that after the 126 diamonds had been delivered to him by the sheriff he weighed them, and found they weighed between twenty and thirty carats more than was shown by the sheriff's return. It seems that the proof of claim was filed nearly two months after Goldsmith weighed the 126 diamonds and found that they weighed twenty or thirty carats more than the weight shown by the sheriff's return, and counsel say that in this proof of claim the weight as returned by the sheriff was given, and not as found when re-weighed by Goldsmith, and it is contended that this circumstance would have discredited Goldsmith's testimony on this point. But we cannot determine this question from the record. It is not shown by the bill of exceptions what the contents of this alleged proof of claim were. It is nowhere set out, and in the absence of any knowledge, from the record, of the contents of the paper offered, if it was offered, a court of review cannot say there was error in refusing to admit it in evidence. 2 Shinn's Pl. & Pr. sec. 1023, and cases there cited.

Comment is made by counsel upon Goldsmith's inexactness in his testimony as to the weight of these precious stones, but that was a question for the jury.

Plaintiffs in error insist, also, that there was error in giving to the jury, at the request of plaintiffs, certain instructions, one of which, similar to others, was as follows:

"If the jury believe, from the evidence, that the goods for which replevin was brought were purchased by Harry Leon from the plaintiffs and delivered to the said Harry Leon, and that the plaintiffs have, by a preponderance of the evidence, established the fact that said goods were

purchased by the said Harry Leon under false representations made by him, which representations were relied on by the plaintiffs and the goods sold to Leon on the strength thereof, or if the jury believe that the plaintiffs have, by a preponderance of the evidence, established the fact that said goods were purchased by Leon from the plaintiffs with the fraudulent intent not to pay for the same, then the plaintiffs are entitled to the possession of such goods, and your verdict must be for the plaintiffs."

In view of the fact that the principal question, and the one upon which most of the evidence was heard, was whether or not the diamonds taken by the sheriff were the same diamonds described in the affidavit and the writ, or, in other words, were the same diamonds for which the "replevin was brought," these instructions, standing alone and literally interpreted, were inaccurate and erroneous. There was no contest upon the question of fraud mentioned in the instructions. The fraud was practically admitted, but the plaintiffs were not entitled to a judgment for the diamonds taken unless they were the diamonds belonging to the plaintiffs. But the court gave to the jury, at the request of the defendants, no less than six instructions to the effect that the plaintiffs could not recover unless the jury believed, from the evidence, that the diamonds taken on the writ of replevin were the identical diamonds sold by the plaintiffs to Leon, two of which instructions were as follows:

1. "The court instructs the jury that this is an action of replevin commenced by the plaintiffs by the filing of an affidavit, wherein they claim, under oath, that they are entitled to the possession of certain diamonds described therein. Before the plaintiffs can recover under their claim, they must establish, by a preponderance of the evidence, that the diamonds which they took from the possession of Harry Leon under the replevin writ issued upon the strength of said affidavit for replevin, were and are the diamonds which were originally sold and deliv-

ered by the plaintiffs to Harry Leon; and upon this issue it is the duty of the plaintiffs to prove the facts by a preponderance of the evidence, and if they have not done so, then the plaintiffs cannot recover, and the verdict of the jury should be for the defendants."

6. "The court further instructs the jury that the mere fact that the plaintiffs have been defrauded by the defendant Leon out of their diamonds does not give them any right in this case to replevin goods in the possession of Leon which Leon had purchased from other parties, if such be the evidence, although it may further appear, from the evidence, that the said goods were obtained from other parties with the intention never to pay for them; and the jury have no right to permit themselves to be influenced against Leon by reason of the wrong done to the plaintiffs, and deny to Leon a verdict, if, on the question of the identity of the replevined property, it appears, from the evidence, that the 126 diamonds replevined never belonged to the plaintiffs and had never been sold by them to Leon. The credibility, upon the question of the identity of the goods, of the plaintiffs and Leon, as witnesses on this trial, is to be judged by the jury in the light of all the corroborating evidence, if any there be, and the circumstances in evidence, if any."

With these instructions before them, and with the knowledge that they had been for days listening to evidence upon the question of the identity of the diamonds taken by replevin with those sold by the plaintiffs to Leon, we can hardly conceive it possible that the jury were, or could have been, misled by the phrase "goods for which replevin was brought," in plaintiffs' instructions. From all of the instructions they must have understood the court to mean the goods actually replevied or taken on the writ of replevin.

The same reasoning applies to another instruction given at the request of the plaintiffs, touching the credibility of the witness Leon. It was not strictly accurate,

but, considering all of the instructions given on the subject, we cannot see how the jury could have been misled, or could have entertained an erroneous view of the rule by which they were to judge of the credibility of the different witnesses, including Leon.

Other errors are assigned, but we see in them no sufficient cause to authorize a·reversal of the judgment.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*