John Owen Wright, Plaintiff-Appellant, v. Dora Callaghan, Defendant-Appellee.

Gen. No. 49,282.

First District, Second Division.

June 30, 1964.

Ruff and Grotefeld and F. Patrick Conlon, of Chicago (F. Patrick Conlon, John E. Guy and John D. Pope, of counsel), for appellant.

Jacobs and McKenna, of Chicago (William J. McKenna, Charles D. Snewind and Barry L. Kroll, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Plaintiff appeals from a judgment entered on a verdict for the defendant in an action to recover damages for personal injuries incurred in an automobile collision on July 21, 1958, at the intersection of Wolf and Euclid Roads, in an unincorporated area in Cook County east of Prospect Heights and north of Des Plaines.

Plaintiff was driving a pickup truck northbound along Wolf Road, a north-south preferential state highway of two lanes. He was approaching Euclid at approximately 10:00 p. m., on his way to his home

in Lake Bluff at the close of his workday on a clear night.

Defendant was driving eastward on Euclid in a 1951 Buick sedan. She was returning to her home in Evanston. Her husband, a nephew and two nieces accompanied her as passengers. Euclid Road intersects Wolf Road at right angles and "stop" signs govern Euclid Road traffic at the intersection. Closely paralleling Wolf Road and a short distance to the east is a railroad line. Euclid Road intersects the railroad shortly to the east of Wolf Road.

A third vehicle, driven by Allison Emmons, in which his wife Elaine was riding as a passenger was also approaching the intersection of the two highways. The Emmons' car was, like plaintiff's truck, proceeding on Wolf Road toward Euclid, but in a southerly direction. The truck driven by the plaintiff and the sedan of the defendant collided at approximately the middle of the intersection, the plaintiff's truck striking defendant's vehicle at its right front side and spinning it around. The truck caromed off, left the road and overturned in a ditch causing its destruction and injuries to plaintiff.

Plaintiff testified that he was approaching Euclid Road at a speed of 50 miles per hour or less. At a point approximately 500 feet south of the intersection he observed the lights of the defendant's auto proceeding east on Euclid at some point west of Wolf Road. He stated that he believed defendant's car had come to a stop. Plaintiff also testified he slowed the speed of his car because he observed another car on Euclid approaching the intersection from the east. When the westbound car stopped plaintiff continued to drive northbound at reduced speed. When plaintiff observed the defendant's car crossing the intersection he applied his brakes but could not avoid the collision.

160

Mrs. Emmons, a passenger in the rear of the Emmons' car testified that plaintiff's car was "going fast, that car was going fast but I just don't know the exact speed." She also testified over objection that plaintiff's car may have been going more than double the speed of her husband's car.

■■ Plaintiff contends that the testimony of Mrs. Emmons on cross-examination as to the speed of plaintiff's vehicle was beyond the scope of direct examination and that as a lay witness her conjectures as to relative speed were improper. We think that as there was no objection by the plaintiff to the scope of the cross-examination of Mrs. Emmons the question has not been preserved. Levering v. Miller, for Use of Joshua Hunt, 127 Ill App 235. The testimony on cross-examination was related to the testimony as to speed of the vehicles which the witness gave on direct examination and there was no abuse of the trial court's discretion. Green v. Keenan, 10 Ill App2d 53, 61, 134 NE2d 115; Meyer v. Williams, 15 Ill App2d 513, 146 NE2d 712.

■ The testimony given by a witness as to speed of a vehicle has been characterized as being within the area of "fact-opinion." Birnbaum v. Kirchner, 337 Ill App 25, 85 NE2d 191. At page 32 of that opinion the court quotes from People v. Lloyd, 178 Ill App 66: "It frequently happens that in the absence of better evidence, opinions of witnesses are admissible, and in many cases such evidence is the only method of bringing before a court or jury the fact required to be proved. In such cases nonexpert witnesses may state their opinions as to matters of fact coming within their observation and which cannot be otherwise described, such as the speed of trains, apparent age, physical appearance, intoxication, excitement, condition of health, and the like, and such opinions are received as evidence of the facts stated."

161

(Citations omitted.) Where, in the discretion of the court such testimony is necessary to the jury's determination of the speed of an auto then the testimony may be admitted. Birnbaum v. Kirchner, supra. The admission of testimony as to relative speed was not improper. The fact that Mrs. Emmons rode as a passenger in the back seat and was not a driver would bear only upon the weight to be given to her testimony.

■ ■ Plaintiff's failure to object to the giving of defendant's Instruction 18, modified, and his failure to raise the trial court's refusal of his tendered Instruction 6 in his post-trial motion resulted in a waiver of the questions of the trial court's action. The plaintiff states that the requirement that a conference on instructions be held and that objections to instructions be made, arises under the rule for Illinois Pattern Instructions which became effective only 10 days before the trial of this lawsuit. We do not believe that this requirement was first laid down by the IPI. Ill Rev Stats 1963, chap 110, § 67, sub (3), effective January 1, 1956, in effect at the time of this trial, provides for conferences on instructions and for specific objections to instructions being made. In the case of Greenlee v. John G. Shedd Aquarium, 31 Ill App2d 402, the court said, pages 411, 412, with respect to this section: "The purpose of that section of the act was to provide as nearly as possible against error in instructions which prior to that time had so frequently resulted in mistrials. Interpreting this in Onderisin v. Elgin, J. & E. Ry., 20 Ill App2d 73, 77, 78, 155 NE2d 338, 341, a case cited with approval in Saunders v. Schultz, 20 Ill2d 301, 170 NE2d 163, the court held that it was the duty of counsel to co-operate with the trial judge to the end that the jury may be properly instructed. To that end counsel are required to state their specific objections to instructions at the time of conference and may not urge the error for the first

162

time in a post-trial motion nor on appeal. Counsel must preserve the specific objections in the conference, on post-trial motion, and in the record." The rule governing Illinois Pattern Instructions does not change the requirements of sec 67 of the Civil Practice Act requiring conferences on instructions or the requirement that specific objections to instructions must be made in the post-trial motion. Appellant cannot assert error with respect to the instructions for the first time on appeal.

██ Finally the plaintiff contends that the judgment is against the manifest weight of the evidence. We feel that the evidence presented fact questions for the determination of the jury as to the negligence of defendant and the contributory negligence of the plaintiff.

The evidence establishes that the defendant came to a stop and then proceeded to cross the intersection. She had cleared the westernmost lane of Wolf Road when the collision occurred. The jury had a right to consider evidence of the speed maintained by the plaintiff along with all of the other factors. There was competent evidence from which the jury could find plaintiff guilty of contributory negligence as the proximate cause of the mishap. We cannot say that its findings were against the manifest weight of the evidence.

██ This court recently stated in Vasic v. Chicago Transit Authority, 33 Ill App2d 11, at page 11e, 180 NE2d 347, at page 349: "A court of review in passing on the question of whether the verdict is against the manifest weight of the evidence must take into consideration not only the verdict of the jury but the fact that the trial judge also saw and heard the witnesses, heard arguments of counsel, and then denied the motion for a new trial. Mokrzycki v. Olson Rug Co., 28 Ill App2d 117, 170 NE2d 635. In order for

the court to determine that the verdict is against the manifest weight of the evidence an opposite conclusion must be clearly evident or the jury's verdict palpably erroneous and wholly unwarranted from the manifest weight of the evidence. Benkowsky v. Chicago Transit Authority, 28 Ill App2d 257, 171 NE2d 416."

We do not find any reversible error. The judgment is affirmed.

Judgment affirmed.

FRIEND and BRYANT, JJ., concur.