Jack Allen, Plaintiff-Appellant, v. Howard Bowl, Inc., a Corporation, Defendant-Appellee.

Gen. No. 49,519.

First District, Second Division.

June 15, 1965.

314

Gomberg & Missner, of Chicago (Sidney D. Missner, and John M. Murtaugh, of counsel), for appellant.

Blaha, Hyder and Jackson, of Chicago (William A. Blaha and Jerome H. Torshen, of counsel), for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court:

This is an appeal from a judgment entered June 10, 1963, in the Superior Court of Cook County, Illinois. The appellant brought a suit for personal injuries allegedly sustained as a result of the appellee's negligence. The case was tried before a jury which found for the appellee and judgment was entered accordingly. The appellant claims he is entitled to a new trial since the jury was improperly instructed and also because the jury held communication with a bailiff who, it is said, gave them erroneous information as to what was in the record.

The appellant was a member of a bowling team that played each week at the appellee's establishment. At the time the accident occurred, he had finished one game and was part way through a second. He claims that while he was making his approach to the foul line his left foot stuck and twisted, causing him to fall forward.

The case was tried on the theory that there was a rough and scratchy dark spot on the alley approach about the size of a half-dollar which caused the appellant to fall. There was testimony that there were sticky spots on the approaches, and one witness said she almost fell earlier that evening, though there was no proof the same spot was involved. The testimony also brought out that employees of the bowling alley had been notified of the trouble and that one of the porters had come down to look at a sticky spot, though it is not known if this is the same one which caused appellant to fall.

Appellant's first claim is that the jury was not properly instructed. The Court below gave the jury the appellee's proffered instruction number 6 which

theoretically set forth the appellant's theory of the case. This instruction states that the appellant claimed the appellee "knew of" the defective condition of the bowling alley. While this statement is true as far as it goes, it completely omits the claim in the appellant's complaint that if the appellee did not know of the condition, *it should have known of it.* (Emphasis supplied.)

■■■■ This court has often held that an instruction cannot be urged as error on appeal unless a specific objection has been raised to it in the conference on instructions and in the post-trial motion. Wright v. Callaghan, 50 Ill App2d 157, 162–63, 200 NE2d 56, 59 (1964). To preserve an objection such as this for review, the objection must be made at the conference on instructions and it must be specific enough to fairly inform the trial judge of the basis of the objection.

> "The purpose of the conference is to afford counsel an opportunity to object to or correct erroneous instructions. As officers of the court, counsel have a duty to cooperate with the trial judge to the end that the jury may be properly instructed. Enlightened trial practice does not permit counsel under the guise of trial strategy to sit idly by and permit instructions to be given the jury without specific objections and then be given the advantage of predicating error thereon by urging the error for the first time in a post-trial motion. . . ." Onderisin v. Elgin, J. & E. Ry. Co., 20 Ill App2d 73, 77, 78, 155 NE2d 338, 341 (1959).

Except for the particularly specified objections, if any, made at the conference, the party is considered as consenting by implication to the instructions and cannot later complain about them. Smelcer v. Sanders, 39 Ill App2d 164, 173, 188 NE2d 391 (1963).

■ ■ The record of the case before us shows that there was a conference on instructions held outside the presence of the jury and that the appellant objected to instruction number 6 "as to form." This is all the record tells us concerning the conference on instructions. We hold that there is nothing wrong with the form of the instruction. No error as to the form of the instruction has been urged on this appeal; the only complaint made by the appellant in this court is that the instruction omitted stating part of his cause of action. This is not a matter of form but of substance. The record before us is clearly inadequate to bring the objection urged by the appellant before this court on appeal.

■ The appellant's second point is that the jury had an improper conversation with a bailiff. In support of this claim, the affidavit of a juror was offered to the Court below, and was refused. We cannot determine here whether this action on the part of the Court below constituted error. For us to review the offer of a document to the Court below the document must be set out in the record. In the case at bar the document was refused admittance because it was believed that this would constitute a juror impeaching his own verdict contrary to the rule set forth in Palmer v. Poynter, 24 Ill App2d 68, 163 NE2d 851 (1960). For us to decide whether the denial of appellant's motion to file an affidavit of a juror was proper it would be necessary for him to have had the Court below certify that the affidavit had been offered, thereby enabling the appellant to include it in his record on appeal. But without the document before us, we cannot say whether or not the denial of the appellant's motion was proper or not. Ragen v. Bennington, 10 Ill App2d 356, 368–69, 135 NE2d 128, 134 (1956).

As we have no basis for reversing the Court below, this judgment must be affirmed.

Judgment affirmed.

BURKE, P. J. and LYONS, J., concur.