THERESA C. CLAY, Plaintiff-Appellant, *v.* DENNIS P. McCARTHY, Defendant-Appellee.

Third District    No. 78-451

Opinion filed July 3, 1979.—Rehearing denied August 2, 1979.

Craig E. Collins, of Barash & Stoerzbach, of Galesburg, for appellant.

Harry C. Bulkeley, of Lucas, Brown & McDonald, of Galesburg, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

On June 6, 1978, a six-person jury in the Knox County Circuit Court heard evidence at a trial from which this appeal ensued. That jury subsequently returned a verdict awarding the defendant herein damages of $829.59, but denying plaintiff any recovery whatever. The evidence heard by the jury as relevant to issues raised before this court is as follows: In the early morning hours of December 15, 1976, on North Academy Street in Galesburg, Illinois, a northbound AMC Pacer driven by the plaintiff, Theresa C. Clay, collided with a southbound Ford LTD. The driving lanes were narrowed that morning by parallel parked cars on either side of the street, and the street surface was moist and slippery. No one witnessed the accident except the drivers of the two vehicles, and their testimony was conflicting as to the facts surrounding the collision. However, two persons, the investigating police officer and another individual, unnamed in the record, surveyed the position of the vehicles after the collision. It is the unheard testimony of this unnamed individual that is the center of the controversy on this appeal.

To recover for damages incurred in the collision, plaintiff filed a complaint against the defendant, alleging the latter's negligence for failure to drive his vehicle in the right lane and for excessive speed. Defendant counterclaimed, charging the plaintiff with similar acts of negligence. Thus, to the extent that the post-collision position of the vehicles was indicative of the path of travel of those vehicles, such position was crucial to the issue of negligence in both the complaint and the counterclaim.

After the pleadings were filed, interrogatories were exchanged and answered. The following is an excerpt from paragraph 13 of plaintiff's answer to defendant's interrogatories:

"13. List the names and addresses of all other persons (other than yourself and persons heretofore listed or specifically excluded) who have knowledge of the facts of said occurrence or of the injuries and damages following therefrom.

*Answer*: Other than the persons heretofore listed, and/or agents or employees of the persons heretofore listed, I have no present knowledge of anyone having knowledge of the facts of the occurrence or the damages to the Pacer. Members in my family do have knowledge of the personal injuries I sustained as a result of the accident."

The unheard, unnamed individual was not among the "persons heretofore listed."

At the jury trial of this cause, both parties recited their recollections of events prior to, at the time of, and immediately after the collision. Both testified as to the location of the vehicles immediately after impact, and the testimony of the defendant on that matter was closely paralleled by the testimony of the investigating police officer. However, with regard to this crucial aspect of the case (*i.e.*, the post-collision position of the vehicles), one witness was not heard. Before the close of plaintiff's case in chief, she called an unnamed witness. The trial court refused to permit the plaintiff to direct questions to the witness. Although the court's *ratio decedendi* is omitted from the record, it is apparent from the contemporaneous remarks of counsel that the trial judge was excluding the testimony of the unnamed individual as a sanction for plaintiff's failure to comply with discovery rules by listing said individual in the interrogatory previously set forth. Such a sanction is not unprecedented. *Wright v. Royse* (1963), 43 Ill. App. 2d 267, 193 N.E.2d 340; *Buckler v. Sinclair Refining Co.* (1966), 68 Ill. App. 2d 283, 216 N.E.2d 14; *Smith v. Realcoa Construction Co.* (1973), 13 Ill. App. 3d 254, 300 N.E.2d 855.

The plaintiff's counsel responded as follows:

"Let the record show that the plaintiff has called a witness to the stand to testify as to the position of the vehicles immediately after the accident that is the subject matter of this law suit; that this witness's existence and her knowledge as to the facts that she would testify to came within the knowledge of the plaintiff the day of the trial. Plaintiff represents that since the only fact that this witness would be testifying to would be the position of the vehicles that there is no element of surprise and that her testimony would be supportive of that of the plaintiff. Plaintiff further represents that any element of surprise could be eliminated by the Court

allowing counsel a short time to briefly discuss the facts which this witness is being called here to testify to. Finally, this motion to add a witness is made before the close of the plaintiff's case and before the plaintiff has rested."

There is no statement by the court, by opposing counsel or by any other witness to dispute the remarks of counsel.

Although the statement of counsel is not a formal offer of proof which a reviewing court prefers (*Miller v. Chicago Transit Authority* (1966), 78 Ill. App. 2d 375, 223 N.E.2d 323), there is authority for accepting the less formal statement of counsel as a valid offer of proof sufficient to preserve the issue of excluded testimony for review. (*Hession v. Liberty Asphalt Products, Inc.* (1968), 93 Ill. App. 2d 65, 235 N.E.2d 17.) There is not one word in the record to discredit the unheard testimony of the unnamed witness that such witness' existence was only made known to the plaintiff on the day of trial.

■■ ■ Unless the unnamed individual's existence was known to the plaintiff at the time she responded to the defendant's interrogatories, there was no violation of discovery rules. There is no duty to supplement answers to interrogatories unless specifically so requested. (Ill. Rev. Stat. 1977, ch. 110A, par. 213(e); *Strope v. Chicago Transit Authority* (1979), 71 Ill. App. 3d 987.) No such request was here made, so if the answer was complete and correct when made, there is no violation of discovery rules. Where an interrogatory is answered fully and candidly, imposition of sanctions is unwarranted. *Perez v. Baltimore & Ohio R.R. Co.* (1960), 24 Ill. App. 2d 204, 164 N.E.2d 209.

■■ ■ The question of whether or not a party has properly answered interrogatories is within the discretion of the trial court and will not be disturbed unless that discretion is improperly exercised. (*Roewe v. Lombardo* (1966), 76 Ill. App. 2d 164, 221 N.E.2d 521; *Wright v. Royse* (1963), 43 Ill. App. 2d 267, 193 N.E.2d 340; see also *Dempski v. Dempski* (1963), 27 Ill. 2d 69, 187 N.E.2d 734.) While the evidence of a discovery rule violation may well appear *dehors* the record, we cannot rely on the acknowledged skill and reputation of the learned trial judge. Our review is limited to matters of record. (*Bee Jay's Truck Stop, Inc. v. Department of Revenue* (1977), 52 Ill. App. 3d 90, 367 N.E.2d 173.) We recognize that the burden is on the appellant to affirmatively show an abuse of discretion (*Bicek v. Quitter* (1976), 38 Ill. App. 3d 1027, 350 N.E.2d 125), but where as here the record contains no support for the discretion exercised, that burden is met. The plaintiff is entitled to a new trial wherein the unnamed witness is permitted to testify.

■■ ■ Another issue was raised on this appeal, and because it is likely to recur upon retrial, we deem it prudent to consider the arguments, and perhaps thereby to expedite a just resolution of this cause. The trial

court, by granting a motion in limine, refused to admit any evidence that the defendant had consumed alcoholic beverages before the accident occurred. Plaintiff contends that this refusal was error. We believe the trial court was correct. In an opinion by the First District Appellate Court, the law governing the issue is set forth:

> "Evidence of intoxication is admissible in a personal injury action as tending to show the negligence of one of the parties. [Citation.] * * * However, drinking, standing alone, cannot be equated with intoxication, nor can the use of alcoholic liquor, standing alone, characterize a person as intoxicated. [Citation.] Accordingly, questions cannot be asked which intimate to the jury that a party was intoxicated at the time of the accident unless there is supporting evidence [citation]; in the absence of supporting evidence, testimony concerning the drinking of intoxicants should be stricken [citation], and under certain circumstances, may constitute reversible error notwithstanding a sustained objection. [Citation.]" (*Ballard v. Jones* (1974), 21 Ill. App. 3d 496, 501, 316 N.E.2d 281, 286.)

The supporting evidence must reveal some "act, action, conduct, appearance, observation, or circumstance * * * [which] either directly or by reasonable inference, [shows] that the conduct of the individual at and before the accident was or may have been affected by the use of alcoholic beverages." (*Shore v. Turman* (1965), 63 Ill. App. 2d 315, 323, 210 N.E.2d 232, 236.) In granting defendant's motion in limine, the trial court was convinced that there was insufficient supporting evidence. We believe the record is vindicative of the decision reached below.

■■ In chambers, while arguing the motion in limine before the learned trial judge, plaintiff's counsel admitted that there was no supporting evidence other than the manner in which defendant drove his vehicle and the smell of alcohol on defendant's breath. Counsel admitted that there was no evidence of slurred speech, of unsteady gait, or of other mannerisms that would indicate the influence of alcohol. The odor of alcohol is evidence of drinking, but not of intoxication. The supporting evidence necessary to prove intoxication must reveal "an impairment of mental and physical faculties with the resultant diminution in the ability to think and act with ordinary care." (*Shore v. Turman* (1965), 63 Ill. App. 2d 315, 323, 210 N.E.2d 232, 236.) Evidence of mere consumption is not evidence of impaired ability.

■■ Likewise, the manner in which the defendant drove his vehicle, if plaintiff's allegations are believed, does not evidence impaired ability. Upon rereading those portions of the record cited by plaintiff in her brief, it is apparent that the supporting evidence which she relies upon all centers around the plaintiff's allegation that defendant was travelling at

excessive speeds. We do not believe, under these circumstances, that evidence of excessive speed tends to prove the proposition that the defendant's faculties were impaired. We agree with the trial court that the logical connection between the evidence alleged and the proposition sought to be proved is too strained, too tenuous; the motion in limine was properly allowed when no adequate supporting evidence was offered or alleged.

For the reasons previously set forth, the judgment of the Circuit Court of Knox County is reversed and this case is remanded for a new trial.

Reversed and remanded.

STOUDER, P. J., and ALLOY, J., concur.