FEDERAL MUTUAL INSURANCE COMPANY, Plaintiff-Appellant, *v.*
GERALD PENSE, Defendant-Appellee.

Fifth District    No. 79-48

Opinion filed May 9, 1980.

Cornelius Thomas Ducey, Jr., of Ducey and Feder, Ltd., of Belleville, for appellant.

Reed, Armstrong, Gorman and Coffey, of Edwardsville (James E. Gorman, of counsel), for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

This is an appeal from the judgment entered upon a jury verdict in the Circuit Court of St. Clair County denying the plaintiff, Federal Mutual Insurance Company, recovery from the defendant, Gerald Pense, of the amount paid by the insurer to one of its policyholders who was involved in an automobile accident with defendant.

In February of 1973, the insurer issued to Nell West an automobile insurance policy providing for income continuation in the event of accidental injury. The insuring provision provided that the insurer would pay the insured 85% of income lost within one year immediately after the date of an accident as a result of total disability caused by the accident.

A condition of the policy stated that as soon as practical the insured should give the insurer written proof of claim, and, upon each request from the company, execute authorization to enable the insurer to obtain medical reports, copies of records and loss of earnings information. The policy provided that the injured person was required to submit to physical examinations by physicians selected by the insurer whenever the

insurer might reasonably require and that the insurer might require that the injured person, as a condition for receiving income continuation payments, furnish the insurer reasonable proof of his inability to work. Another provision generally provided that payments were to be made within 30 days after the insurer received "reasonable proof" of the fact and amount of loss incurred.

The policy also provided, in the event that payments were made under the policy, that the insurer was subrogated to the rights of the insured.

The parties agree that defendant's negligence was the proximate cause of the collision on April 7, 1973, in which Nell West was injured, and that the insurer paid Nell West $2,882 under the income continuation provision of the policy.

Nell West testified that she was employed as a housekeeper at the time of the accident. She was treated by her physician, Dr. Cox. While it is unclear exactly how she initially made her claim, she testified that she had numerous telephone conversations with a secretary at the insurer's office whom she informed that she was unable to work. During the period of about a year following the accident, she received income continuation payments in the form of 11 monthly checks for $262. On December 11, 1973, she executed a subrogation agreement authorizing the insurer to bring this action seeking recovery of the income continuation benefits paid.

Dr. Wayne Cox testified that he saw and treated Nell West at numerous times following the accident. He was of the opinion that she was unable to work at her job as a housekeeper from April 7, 1973, through May of 1974. He further testified that his office had submitted insurance reports concerning Nell West. He identified a report indicating that Nell West had been totally disabled from the time of the accident until the date of the report, May 4, 1973. However, the insurer did not offer this report into evidence.

On cross-examination, Dr. Cox identified reports that his office had sent to the insurer, dated October 26, 1973, and February 14, 1974. These reports each stated that Nell West was "totally disabled (unable to work)" from April 7, 1973, to June 11, 1973, and "partially disabled" thereafter to the date of the report. Defendant subsequently submitted these reports as his sole evidence.

In an attempt to rebut the reports, the insurer called Dennis Bini, the claims adjustor who "set up the file" on Nell West. However, defense counsel objected that questioning about notations in the file concerning telephone conversations was outside the scope of proper rebuttal. After an *in camera* inspection of the contents of the file, the court sustained the

objection and also sustained an objection to a question about the claims procedures followed by the insurer in the adjustment of Nell West's claim.

On appeal, the insurer contends that the jury instructions imposed an improperly strict burden concerning the payment of the policyholder's claim as a prerequisite to recovery from the defendant. Specifically, the insurer contends that the court erred in refusing plaintiff's instruction number 12, which stated the insurer had the burden of proving that it "was responding to a reasonable anticipation of liability under its policy * * *" in making the income continuation payments to Nell West. Instead, the court gave plaintiff's instruction 13, which the insurer offered without waiving its submission of instruction 12. Plaintiff's instruction 13 contained the same language as did instruction 12, together with an additional paragraph requiring proof that "it was reasonable for the plaintiff Federal Mutual Insurance Company to make the income continuation payments to Nell West." We do note that neither instruction made any reference to the insured's actual condition of disability.

The insurer argues that plaintiff's instruction 12 stated the applicable law, as enunciated in *St. Paul Fire & Marine Insurance Co. v. Michelin Tire Corp.* (1973), 12 Ill. App. 3d 165, 298 N.E.2d 289, which held that an indemnitee who settles without notice to the prospective indemnitor need prove only that, by settling, he was responding to a reasonable anticipation of personal liability rather than acting as a mere volunteer. In support of the application of this standard, the insurer submits that a stricter standard would result in benefits being withheld from insureds and thus foster litigation between insureds and insurance companies. The insurer further suggests that this court should encourage the payment of benefits upon "minimal substantiation," and that "an insurer should be allowed to recover from third persons the monies that it pays out upon the showing of a claim by its insured which probably comes under the terms of the policy and then upon minimal substantiation thereof."

Initially, we observe that the relationship between the parties in the instant case differs from that in *St. Paul Fire & Marine Insurance Co.* and other similar cases where an insurer or other indemnitee settles a tort claim brought by an injured party and then seeks to establish the primary liability of the prospective indemnitor and obtain reimbursement. Rather, the instant case involves payments by the insurer in response to a contractual claim by the injured policyholder, followed by an attempt by the insurer to recover from the admitted tortfeasor the amount of the payments or some part thereof. The parties have cited no authorities concerning the required level of care by an insurer in a directly comparable situation, and we are aware of none. The requirement that the insurer's payment of the income continuation benefits be "reasonable"

was certainly consistent with the terms and conditions of the insurance policy itself.

■■ In any event, we do not agree that requiring proof that it was reasonable for the insurer to make the payments actually did impose a stricter standard than that applied in *St. Paul Fire & Marine.* The differences in the proof required to establish a reasonable anticipation of tort liability, on one hand, and the reasonableness of payments under a contract of insurance, on the other, appear to lie in the character of the subject matter involved, rather than in the strictness of the standard to be met. By presenting the case as it did and submitting plaintiff's instruction No. 12, the insurer apparently conceded that it had a burden of proving that, at the time of the claim, it had some reasonable basis for making the payments, and that proof at the time of trial that Nell West in fact had been disabled would not in itself have been sufficient. Under these circumstances, we cannot say that it was error to instruct the jury that the insurer was required to prove that its payments were reasonably made.

■ The insurer also contends that it was error to give instructions tendered by defendant. These instructions informed the jury that it was for them to decide what procedures a reasonably careful company would use under the circumstances shown by evidence and summarized the positions taken by the parties on this issue. In addition to the arguments already considered, the insurer contends that claims' review procedures are not within the common knowledge of lay persons, and that the defendant's instruction should not have been given where the defendant presented no expert evidence on the issue. However, the question of whether the insurer used reasonably careful procedures in reviewing the claim was inherent in the issue of whether the insurer acted reasonably in making the payments. Therefore, the propriety of the defendant's instructions did not rest on whether the defendant presented evidence on claims' review procedures. The defendant's instructions were consistent with the plaintiff's burden of proof instruction discussed above and proper for the same reasons.

■■ We next consider the insurer's contentions that the trial court erred in sustaining objections to questions asked to Nell West and Dennis Bini. The court sustained the defendant's hearsay objection when plaintiff's counsel asked Nell West whether she had related to the insurer the instructions that Dr. Cox had given her regarding work. The insurer now contends that it was improperly prevented from eliciting testimony that on numerous occasions Nell West informed a representative of the insurer that Dr. Cox had instructed her not to work, and that this evidence was not objectionable as hearsay insofar as it tended to show the basis on which the insurer made the payments. However, no offer of proof was made as to what Nell West's testimony would have been in response to

the question. An offer of proof is necessary to preserve a question for review where, as here, the trial court refuses to allow the testimony of a witness on a certain matter. *Simon v. Plotkin* (1977), 50 Ill. App. 3d 603, 365 N.E.2d 1022.

Furthermore, even assuming that the witness would have testified as the insurer now suggests, we do not believe that exclusion of this evidence could have been prejudicial, where it was merely cumulative of other evidence. Mrs. West was allowed to testify that she had had conversations with the insurer after her visit to Dr. Cox concerning her ability to work and that she had told the insurer's secretary that she was not able to work because of the injury. Also, Dr. Cox had already testified to his opinion as to her inability to work and to the submission of reports from his office to the insurer.

Regarding the testimony of Dennis Bini, we again note that no offer of proof was made as to what his testimony would have been concerning the contents of the file on Nell West, or as to exactly what the file contained. Even on appeal, the insurer only generally asserts that Dennis Bini was called in rebuttal to disprove the evidence introduced by the defendant. While the trial court reviewed the contents of the file in determining that the evidence was beyond the proper scope of rebuttal, the contents of the file were not included or clearly reflected in the record. Even where an offer of proof is made, it will be inadequate to preserve an issue of admissibility of evidence, if it is not sufficiently specific to demonstrate the admissibility of the testimony foreclosed by the ruling complained of. (*Miller v. Chicago Transit Authority* (1966), 78 Ill. App. 2d 375, 223 N.E.2d 323.) Also, a court of review cannot say there was error in exclusion of documentary evidence where the record does not show the contents of the evidence. ·*Chicago Title & Trust Co. v. Goldsmith* (1898), 173 Ill. 326, 50 N.E. 676; *Allen v. Howard Bowl, Inc.* (1965) 61 Ill. App. 2d 314, 210 N.E.2d 342.

■■ As authority for admission of the evidence in rebuttal, the insurer cites *Harp v. Illinois Central Gulf R.R. Co.* (1977), 55 Ill. App. 3d 822, 370 N.E.2d 826, where we held that the allowance of evidence in rebuttal was within the discretion of the trial court, even where the evidence might have been more properly presented during the plaintiff's case in chief. However, the same rule applies on review where, as here, the trial court refused evidence on rebuttal. (See, *e.g.*, *Levenson v. Lake-to-Lake Dairy Cooperative* (1979), 76 Ill. App. 3d 526, 394 N.E.2d 1359.) In light of the trial court's careful review of the contents of the file in determining that the evidence was outside the proper scope of rebuttal, we find no indication of an abuse of discretion such as would justify disturbing the court's ruling.

■■ Finally, we do not believe that the jury's verdict was erroneous. The

conclusion that it was not reasonable for the insurer to make the income continuation payments was not contrary to the manifest weight of the evidence, in view of the conflicting evidence concerning the content of Dr. Cox's reports and the lack of evidence as to what information the insurer actually relied on in deciding to begin and continue the payments.

The judgment of the Circuit Court of St. Clair County is affirmed.

Affirmed.

JONES, P. J., and KASSERMAN, J., concur.