DARLA WRIGHT, Plaintiff and Appellant and Counterdefendant-Appellant, v. NINA STOKES, Defendant and Appellee and Counterplaintiff-Appellee.

Fifth District No. 5—87—0265

Opinion filed April 14, 1988.

R. Courtney Hughes, of John Paul Womick & Associates, Chartered, of Carbondale, for appellant.

Michael F. Dahlen and Richard A. Green, both of Feirich, Schoen, Mager, Green & Associates, of Carbondale, for appellee.

JUSTICE LEWIS delivered the opinion of the court:

Plaintiff, Darla Wright, brought an action in the circuit court of Union County to recover compensatory damages for injuries and monetary loss she sustained as a result of a collision involving her vehicle and a vehicle driven by defendant, Nina Stokes. In her complaint, plaintiff alleged that defendant's vehicle had crossed into her lane of travel, causing the collision. Defendant counterclaimed, alleging that plaintiff had crossed the center line. On January 28, 1987, a jury returned a verdict awarding the defendant damages of $2,694.13, but denying plaintiff any recovery. Judgment was entered on the verdict. Following denial of her post-trial motion, plaintiff appealed.

The testimony at trial was conflicting. Plaintiff testified that she was traveling northbound on North Main Street in Anna, Illinois, when defendant crossed the center line into her lane of travel, causing the collision. Defendant testified that plaintiff came across the center line and collided with her. Other than plaintiff and defendant, no one witnessed the accident. Several post-occurrence witnesses testified. Harry Palmer, an acquaintance of plaintiff's, and Gerald Casper, the investigating police officer, testified that they found debris from the collision in the northbound (plaintiff's) lane. Mabel Adams, defendant's neighbor, testified that she saw debris in the southbound (defendant's) lane, but saw no debris in the northbound lane. Frederick Dawley, also a neighbor of defendant, testified that he saw debris in both lanes.

The issues on appeal spring not from what was said at trial, but what was not said. Prior to the trial, defendant filed motions *in limine* seeking to exclude, *inter alia*, any reference to the fact that defendant received a traffic citation as a result of the accident and any opinion testimony by investigating officer Gerald Casper as to the point of collision. The motions were granted and plaintiff's examina-

tion of witnesses was so limited. Plaintiff challenges the propriety of the trial court's order in her post-trial motion and on appeal.

Specifically, plaintiff claims that the trial court erred in granting defendant's motion *in limine,* thereby suppressing an "admission of fault defendant had made in pleading guilty to crossing the center line of traffic." Plaintiff also contends that the trial court erred when it refused to allow counsel for plaintiff to impeach his own witness at trial.

During his direct examination of defendant, counsel for plaintiff asked defendant, "Have you ever admitted fault to anybody in this case?" Defendant responded, "No." Counsel for plaintiff, during a subsequent recess, made the following offer of proof:

> "MR. HUGHES: The offer of proof, Your Honor, would simply be that I would have called the Circuit Clerk, the Union County Circuit Clerk, to the stand, Mat Page, and placed into evidence a court record of a certain order of supervision wherein the Defendant, Nina Stokes, plead [*sic*] guilty to a traffic violation, crossing the center line of traffic, and that she was placed on thirty days Court supervision. After the period of supervision was up, the case was dismissed by State's Attorney, Wes Wilkins. It would be the position of the plaintiff that that is an impeachable plea of guilty.

> THE COURT: I think that, for the record, it should be that a motion was a motion filed by the State's Attorney to dismiss the case. What I am saying is, you said that Mr. Wilkins dismissed the case.

> MR. HUGHES: I think he did.

> THE COURT: He filed a motion to dismiss.

> MR. HUGHES: Yes, that is what I meant."

Defendant contends that (1) plaintiff failed to make a proper offer of proof; (2) a plea of guilty to a traffic offense cannot be used as an admission where the underlying charge has been dismissed following successful completion of a term of supervision; and (3) a statement that is a legal conclusion is not an admission and cannot be used for impeachment.

Defendant argues that plaintiff's offer of proof was defective in that she failed to tender the relevant traffic court file to the trial court and make it a part of the record. Defendant notes that plaintiff tried unsuccessfully to supplement the record on appeal with excerpts of the criminal trial transcript. Defendant argues at length that the failure to include the traffic court documents in the record on appeal constitutes waiver, citing *Allen v. Howard Bowl, Inc.* (1965), 61 Ill.

App. 2d 314, 210 N.E.2d 342, and contends that plaintiff is thereby prohibited from raising the issue of their erroneous exclusion on appeal. We reject defendant's position.

In *Allen,* the record on appeal was insufficient to detail the contents of the excluded document—the affidavit of a juror. In the case at bar, plaintiff's offer of proof specified the nature and substance of the excluded documents, which included a guilty plea to a traffic citation for crossing the center line of traffic. Defendant did not object to the form of plaintiff's offer of proof at trial, nor did she dispute the existence of the court records plaintiff proposed to enter into evidence. Only by including evasive answers to interrogatories did defendant avoid admitting that she pleaded guilty to crossing the center line. She does not contend on appeal that she did not plead guilty. While we acknowledge that the record before us technically does not show that defendant pleaded guilty and that counsel for plaintiff should have had evidence of the guilty plea included in the record on appeal, we do not believe our consideration of plaintiff's contention is precluded by these deficiencies under the circumstances.

 The purpose of an offer of proof is to disclose the nature of the offered evidence to which objection is interposed, for the information of the trial judge and opposing counsel, and to enable the reviewing court to determine whether the exclusion was erroneous and harmful. (E. Cleary & M. Graham, Handbook of Illinois Evidence §103.7, at 17 (4th ed. 1984); *Daehler v. Oggoian* (1979), 72 Ill. App. 3d 360, 390 N.E.2d 417.) The requisite formality of an offer of proof will depend upon the circumstances of the particular case. Where the nature and substance of the testimony or evidence offered is obvious, a formal offer of proof is unnecessary and a statement by counsel may suffice (*Scaggs v. Horton* (1980), 85 Ill. App. 3d 541, 411 N.E.2d 870; *Clay v. McCarthy* (1979), 73 Ill. App. 3d 462, 392 N.E.2d 693), particularly where, as here, there is no statement by the court, opposing counsel, or by any other witness to dispute the remarks of counsel. (*Clay,* 73 Ill. App. 3d at 465, 392 N.E.2d at 695.) Plaintiff's offer of proof is adequate for purposes of preserving his claim of error.

██ We also disagree with defendant's position that a plea of guilty to a traffic offense cannot be used as an admission where the underlying charge has been dismissed following successful completion of a term of supervision. Illinois courts have traditionally treated a guilty plea as an admission by defendant of the facts upon which the conviction is based if those facts are relevant to some issue involved in a civil proceeding. (*Brown v. Green* (7th Cir. 1984), 738 F.2d 202.) A guilty plea to a traffic offense, although not conclusive proof, is

proper evidence against a defendant in a civil proceeding arising from the same incident even where the underlying charge has been finally dismissed without adjudication of guilt after defendant has received supervision. (*People v. Chavez* (1985), 134 Ill. App. 3d 598, 480 N.E.2d 1268.) It is the admission by defendant which is persuasive evidence; therefore, the dismissal of the underlying charge does little to detract from the guilty plea's evidentiary value.

Defendant argues that a person charged with a petty traffic offense is likely to plead guilty and pay a fine for convenience and that such a plea should not be considered as an admission in a subsequent civil proceeding arising out of the same incident. We are not persuaded. Where a person is involved in an automobile accident and is issued a traffic citation as a result, that person must realize that civil litigation is a very real possibility and that a guilty plea to the traffic charge could reflect adversely upon him in a subsequent civil proceeding. It does not take a trained legal mind to foresee the possible repercussions of pleading guilty.

■■ Defendant's final contention, as regards plaintiff's first issue, is that a legal conclusion is not an admission and cannot be used for impeachment. At trial, counsel for plaintiff asked defendant if she had "ever admitted fault to anybody" to which defendant responded, "No." Defendant notes that she was never asked if she had admitted crossing the center line. Defendant then reasons that the word "fault" is a legal conclusion and the attempted impeachment was in some way improper.

The crucial point of contention at trial was whether plaintiff or defendant had crossed the center line, thereby causing the collision. Assignment of fault rested upon a determination as to who had crossed the center line. Defendant certainly would have understood the question as one calling for an admission that she had crossed over into the oncoming lane of traffic. We find, therefore, that the plaintiff's offer of proof, for purposes of impeachment, corresponded to the question asked.

Moreover, the use of the term "fault" does not constitute a legal conclusion which is inadmissible as an admission. It has been held that a party's statement that he may have been at fault can constitute an admission. (See *Asher v. Stromberg* (1966), 78 Ill. App. 2d 267, 223 N.E.2d 300.) Under the circumstances here, counsel's impeachment—although somewhat less than artful—was proper.

■■ ■ We agree with plaintiff to the extent that she should have been allowed to introduce the defendant's plea of guilty into evidence and that failure to allow the plea into evidence was reversible error

where, as here, the resolution of the case depended upon whether the jury believed plaintiff or defendant. We also agree that Supreme Court Rule 238(a) (107 Ill. 2d R. 238(a)) allows for impeachment of one's own witness. However, on this point we must agree with defendant that plaintiff's offer of proof was inadequate for purposes of preserving the issue for appeal.

During plaintiff's direct examination of investigating officer Gerald Casper, the following colloquy occurred:

"Q. Did Mrs. Stokes ever tell you that she never saw the plaintiff's car prior to the collision?

A. I just barely recall the conversation with Mrs. Stokes. I don't remember her saying that, no.

Q. Do you recall giving a discovery deposition in this case, Mr. Casper, on June 12, 1986?

MR. GREEN: Your Honor, I object, and I would like to approach the bench.

THE COURT: All right."

A sidebar conference then took place after which counsel for plaintiff stated that he had no further questions.

Nowhere in the record does counsel for plaintiff ever state the substance of his offer of proof; he merely states that he was denied the opportunity to impeach his own witness. At a minimum a statement of counsel is required to show what the witness' testimony at the discovery deposition would have been. The issue has not been preserved and we do not address the propriety of the attempted impeachment.

For the foregoing reasons, the judgment of the circuit court of Union County is reversed and the cause is remanded for a new trial.

Reversed and remanded.

KARNS and CALVO, JJ., concur.