Lesley Pope Cook, Administrator de bonis non with Will Annexed of Estate of Henry P. Pope, Deceased, Appellant, v. Gordon A. Ramsay, Appellee.

Gen. No. 42,533.

Heard in the third division of this court for the first district at the December term, 1942. Opinion filed April 26, 1944.

RUSSELL J. TOPPER, of Chicago, for appellant.

BECKMAN, HEALY, REID & HOUGH, of Chicago, for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action, filed April 8, 1942, of conversion and for an accounting in one count; and for damages through fraud and deceit in the other. Plaintiff demanded a jury trial. May 4, 1942, defendant made a motion "to dismiss and for judgment." July 6, 1942, Judge SCHWABA sustained the motion and gave plaintiff leave "to present" within thirty days an amended complaint, but reserved jurisdiction to pass upon the sufficiency thereof prior to the filing of the same. August 5, 1942 Judge NELSON, sitting in vacation, entered an order extending the time for "filing" of plaintiff's amended complaint to September 15, 1942. Later, the same day, Judge NELSON entered an order vacating the prior extension order, entered plaintiff's motion and continued the hearing to August 6, and directed defendant's counsel to notify plaintiff's counsel of the order. August 7, 1942, Judge NELSON denied the motion for an extension, found that an amended complaint had not been presented, dismissed the cause and gave plaintiff leave to file an affidavit in support of the motion which had been denied. Plaintiff appeals from the orders of July 6, the second order of August 5, and the order of August 7.

Plaintiff charges Ramsay with violation of his trust as attorney for Henry Pope and for the executors of Pope's Estate by defrauding Pope and the estate of money and assets. She alleges that Pope loaned Albert Cook about $5,855 and employed Ramsay to devise a plan to secure the loans; that Ramsay formed a corporation issuing 577 of the 600 shares to Pope and the balance to Ramsay's nominees and caused Cook and wife to convey Chicago property to the corporation to secure the loans; that these steps were part of a fraudulent scheme which was furthered by a sale of the security for $82,000 in which Pope *was caused to make affidavit that he owned all the stock;* that out of the proceeds Ramsay fraudulently retained a commission, *gave Pope only $5,855 of the amount due*

*him;* gave Cook only $20,000 and retained the balance; and that he represented conflicting interests. She further alleged that Ramsay falsely represented to the executors of Pope's estate that Cook charged Pope with fraud in the transaction and claimed $100,000 damages; that he had settled the claim using $40,000 of the proceeds of the sale which had been deposited in a brokerage account and that Pope had agreed to pay him $1,000 out of the balance in the account; that Ramsay hid the true nature of Cook's claim and his own conflicting representation from the executors; and that as a result of these false statements and concealments, had succeeded in acquiring $1,000, certain securities and cash which the estate had obtained from the broker's account as assets. She finally alleged that on December 18, 1941, she commenced investigation, learned the facts, made demand on Ramsay and was refused. In Count I she asks an accounting of the moneys "converted" and in Count II a judgment for $40,000.

In support of his motion Ramsay filed an affidavit accompanied by a petition filed by him in the Probate Court in the Pope Estate, April 22, 1929, in which he stated that Pope had given him $40,000 to settle Cook's claim, agreeing to a fee of $1,000; that the money was put in a "Ramsay Special" brokerage account designated "For H. P. Pope"; that the claim was compromised and Ramsay with the $1,000 fee purchased through the account the items which he asked that the executors be directed to return to him. In the petition he advised the court that he was attorney for the executors. Also attached to the affidavit is a letter written by Pope to the brokers, notifying them that Ramsay was his attorney and agent with power over the account to withdraw, sell, etc.; and the order of Judge HORNER granting the relief asked in the petition.

Defendant's motion to dismiss and for judgment, was based on the statute of limitations, insufficiency of the allegations and prior adjudication of plaintiff's claim in the Probate Court. There was no attack made by plaintiff on defendant's motion, but the trial court gave her leave to "present" an amended complaint which was never presented. The court ruled that the cause of action was barred by the statute of limitations. There is no dispute about the five-year limitation governing the cause of action alleged, but the issue concerns the starting point of the period. That issue arises out of the claim by plaintiff that Ramsay fraudulently concealed the cause of action, and that consequently, under Paragraph 23 of the Limitations Act, Chapter 83, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 107.282], the five years did not commence until plaintiff discovered the cause of action in December, 1941. Paragraph 23 provides that where a person liable to, an action fraudulently conceals the cause of action, from the knowledge of the person entitled thereto, the action may be commenced at any time within five years after the latter discovers that he has the cause of action. The parties agree that it is the law of this State that where there is no fiduciary relationship, the statute of limitations does not begin to run in cases of fraud until discovery of the fraud, or until such time as it could have been discovered by the use of reasonable diligence. The parties dispute plaintiff's contention that in case of a fiduciary, his mere silence without affirmative action to conceal is sufficient to protect a claimant under Paragraph 23, regardless of the question whether plaintiff used reasonable diligence to discover.

We assume that both agree that Paragraph 23 does not operate after a fiduciary discloses the facts. Plaintiff claims that under *Vigus v. O'Bannon*, 118 Ill. 334 and *Keithley v. Mutual Life Ins. Co.*, 271 Ill. 584, she was not required to exercise due diligence, but

that defendant was obliged to disclose the truth, in order to prevent operation of Paragraph 23. We believe that in considering the question of defendant's motion, the court had a right to consider not only the affidavit and exhibits in support thereof but also the allegations of the complaint. Under this record, both must be taken as true. Plaintiff was charged with notice of the Probate Court proceedings. There is a full disclosure of Ramsay's doings there. The cause of action, if any, alleged in Counts 1 and 2, accrued then and, accordingly, were barred by *laches* and the statute of limitations respectively, when the suit was filed. These conclusions are consistent with the holding in *Lancaster v. Springer,* 239 Ill. 472, and obviate the necessity of considering other cases cited by the parties which bear upon the dispute heretofore recited.

Plaintiff complains of the refusal of the trial court on July 6, 1942, to give her leave to file an amended complaint. The record indicates that the court gave her 30 days in which to present an amended complaint, so that it could determine whether the "Amended Complaint" was vulnerable to defendant's motion before giving leave to file. At that time the court had sustained the motion and had before it the complaint, defendant's motion and the briefs of the parties thereon. Under the circumstances we believe the court exercised its discretion reasonably. Plaintiff further argues that the order of August 5, 1942, vacating the prior order of that date, granting an extension was entered without notice. The record shows, and plaintiff does not deny, that when the first order of that date was entered defendant's counsel who was present in the courtroom had "stepped out" for a brief period, during which the order was entered. The trial court upon counsel returning to the courtroom and explaining the circumstances, vacated the order and advised counsel to notify plaintiff's attorney. We see no

abuse of the court's discretion in connection with the order. It is finally contended that the trial court committed error in refusing on August 7th to allow plaintiff an extension of time within which to file an amended complaint. The affidavit filed in support of the motion for an extension states that plaintiff's counsel was closely engaged in other important matters in July and August, and that Judge SCHWABA who heard the matter in July was absent on vacation and would not return until August 24th and that even if the amended complaint were prepared, it could not be presented in Judge SCHWABA's absence. When Judge SCHWABA entered the order, July 6th, he informed plaintiff's counsel that he would be sitting for the next two weeks. No motion was made in that two week period for an extension, nor any showing made as to what plaintiff's amended complaint would contain. The motion for an extension was not made until the 30th day, and still no indication as to what the substance of the amended complaint would contain. Under these circumstances and in view of the foundation for defendant's "motion to dismiss and for judgment," we cannot say the trial court abused its discretion.

For the reasons given, the decree of dismissal and the subsequent orders are affirmed.

*Decree of dismissal and subsequent orders affirmed.*

HEBEL, P. J., and BURKE, J., concur.