RICHARD SHROAT, Plaintiff-Appellant, *v.* PEARL E. ROBINS *et al.*, Defendants-Appellees.

(No. 71-29; )

Fifth District—August 22, 1972.

Sprague, Sprague & Ysursa, of Belleville, (Robert J. Sprague, of counsel,) for appellant.

Carr & Raffaelle, of East St. Louis, (Thomas Gumbel, of counsel,) for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

The appeal is considered on the pleadings with undisputed facts. On March 10, 1969, plaintiff filed a complaint in three counts, one for specific performance of a contract to convey real estate, another to set aside a deed allegedly made to defraud him of his contract rights, and, thirdly, for damages for breach of contract. On April 14, 1969, the defendants filed a motion to dismiss upon the grounds that the complaint was insufficient in law and its allegations of fact and accordingly failed to state

a cause of action, and that the claim set forth in the complaint is unenforceable under the Statute of Frauds. On May 15, 1969, after a hearing, the court allowed the motion and dismissed the complaint with the following order:

"Motion to dismiss allowed. Plaintiff given twenty days to file amended complaint."

Plaintiff did not file an amended complaint within the time limited by the order of dismissal nor did he seek an extension of that time. On November 5, 1969, plaintiff filed an amended complaint alleging substantially the same matters contained in his original complaint although with greater factual detail. Defendant filed a motion to strike the amended complaint on the grounds that it was filed without leave of court more than twenty days after the order of dismissal and that it was insufficient to state a cause of action. On November 25, 1969, the motion to dismiss was allowed and an order entered dismissing the amended complaint as follows:

"Motion to dismiss is allowed, amended complaint filed without leave of court and filed more than 20 days after order of dismissal and complaint is otherwise insufficient. This is a final, appealable order."

It is this order which is the subject of this appeal.

We do not feel that the trial court erred in refusing to permit the plaintiff to file an amended complaint almost six months after the expiration of the time in which he was granted leave to so file. Chapter 7, section 1, Ill. Rev. Stat., Amendments and Jeofails Act provides:

"The Court in which an action is pending shall have power to permit amendments in any process, pleading or proceeding in such action, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before judgment rendered therein."

There is a similar provision in section 46 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, sec. 46), which allows for amendments "on just and reasonable terms * * *." Plaintiff did not file an amended complaint within the twenty day period allotted by the order nor did he seek an extension of time. It is also noteworthy that plaintiff did not file any affidavit to excuse his extreme tardiness or make any attempt to show just cause for his failure to file his amended complaint within the time allowed. Plaintiff's contention that the court abused its discretion in dismissing his amended complaint is presented as bare argument. Its sole factual support is the obvious, unexplained and unexcused delay of six months, and the filing of an amended complaint without first obtaining leave of court, contrary to section 39 of the Civil Practice Act. Ill. Rev. Stat., ch. 110, sec. 39.

In *King v. Donahue*, 70 Ill.App.2d 481, 216 N.E.2d 824, (published in

abstract only) the court below dismissed a complaint and granted plaintiff's leave to amend within ten days. After this ten day period had expired, plaintiffs filed an amended complaint without further extension of time or leave of court. Defendants' motion to dismiss the amendment for not having been timely filed was granted and plaintiffs appealed. The issue on appeal was whether the trial court had abused its discretion in dismissing plaintiff's amendment because it had not been filed in conformity with the court's order. This court on appeal affirmed the dismissal of the amended complaint and stated:

"Chapter 110, Section 46, Ill. Rev. Stat. provides that 'at any time before final judgment amendments may be allowed on just and reasonable terms, * * *'. We think it goes without saying that these 'just and reasonable terms' may include the imposition of a time limitation within which the amendment must be filed. The statute clearly brings such matters within the discretion of the trial court and his decision will not be disturbed on appeal unless an abuse of that discretion is clearly and manifestly shown. Coatie v. Kidd, 17 Ill.App.2d 289, 149 N.E.2d 646, Davidson v. Olivia, 18 Ill.App.2d 149, 151 N.E.2d 345, Cook v. Ramsay, 322 Ill.App. 671, 54 N.E.2d 624. To hold on the basis of this record that there is an abuse of discretion would be to deny to the trial court the right to impose what it considers to be 'just and reasonable terms'."

We think the above quotation from the *King* case is controlling here and that it requires affirmance of the order of dismissal. We need not consider whether plaintiff's amended complaint stated a cause of action.

Judgment affirmed.

G. MORAN, P. J., and EBERSPACHER, J., concur.