JOSEPH M. CVENGROS *et al.*, Plaintiffs-Appellants, *v.* LIQUID CARBONIC CORPORATION, Defendant-Appellee.

First District (2nd Division)    No. 80-1294

Opinion filed August 11, 1981.

Jacobs, Williams and Montgomery, Ltd., of Chicago (Barry L. Kroll, of counsel), for appellants.

Francis J. Higgins and John J. Verscaj, both of Bell, Boyd, Lloyd, Haddad & Burns, of Chicago, for appellee.

Mr. PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Plaintiffs' first amended, six-count complaint was dismissed with prejudice and within 30 days thereafter, plaintiffs filed a motion seeking vacatur and leave to file a second amended complaint. The trial court continued the hearing on this motion for 2½ months, and when the hearing was ultimately held, the trial court denied the request for leave to amend, finding that the motion was "faulty" without considering the merits of the proposed second amended complaint tendered. For the reasons set forth hereinafter, we reverse and remand.

Plaintiffs filed their original four-count complaint on July 5, 1979. It was dismissed with leave to amend on September 18, 1979. On October 5, 1979, plaintiffs filed their first amended complaint, now containing six counts. Count I of the first amended complaint alleged that on or before March 5, 1979, plaintiffs negotiated with defendant to purchase all the tangible and intangible assets of an operating division owned by defendant. The count further alleged that on March 5, 1979, plaintiffs entered into a written agreement with defendant to purchase the assets of the division for $3.9 million. A copy of this agreement was attached to the complaint as Exhibit A. Exhibit A is entitled "Letter of Intent" and is in the form of a letter from plaintiffs to defendants. The body of the letter describes itself as a letter of intent concerning arrangements for Liquid Carbonic to sell and plaintiffs to buy certain assets. Within its terms, plaintiffs would form Cubemaster Corporation (Cubemaster) which would purchase the assets of defendant's ice-making division for $3.9 million; Cubemaster would pay $2.5 million in cash at closing, plus $1.4 million in the form of a subordinated nonnegotiable note secured by common stock of Cubemaster; Cubemaster would assume responsibilities for outstanding warranties; and defendant would buy its tank rework requirements from Cubemaster for five years. The letter then concluded, "The completion of this transaction is subject to the following: 1. The execution of a mutually satisfactory legal contract. * * *" Mr. W. A. Runge, an authorized agent of defendant, signed the bottom of the letter.

Count I further asserted that on April 6, 1979, defendant tendered to plaintiffs "its proposal as to the further terms of a written agreement between the parties concerning the sale of Cubemaster," attached as Exhibit "B" to the complaint. This "proposal" was undated and unsigned by either party and was at variance with some of the terms contained in the letter of intent. The count then alleges that plaintiffs accepted this

proposal. On June 10, 1979, plaintiffs were ready to perform but defendant communicated it would not consummate the agreement. Count I concluded with a request for specific performance.

Count II of the first amended complaint realleged the allegations of count I but sought the alternative relief of $10 million in damages. Count III sought specific performance based on a promissory estoppel theory. Count IV sought $1 million in damages for defendant's breach of a putative duty to negotiate in good faith. Count V sought specific performance based on an express ratification of the two documents. Count VI sought $10 million in damages based on this express ratification theory.

On November 2, 1979, defendant moved to dismiss the first amended complaint. Defendant filed a memorandum in support of this motion on November 13, 1979; plaintiffs filed a memorandum in response thereto on December 4, 1979; defendant filed its reply memorandum on December 21, 1979, after receiving an extension to do so; and plaintiffs filed a response to this memorandum on January 2, 1980.

A hearing was held on the motion to dismiss on January 11, 1980. The trial court ruled that: counts I and II failed to allege a binding contract; count III failed to allege a misstatement of existing facts; count V and VI were defeated by the statute of frauds; and count IV involved a theory of questionable viability. The trial court then dismissed counts I, II, III, V and VI. The court indicated that it considered only striking count IV because it could possibly be restated in tort if plaintiffs sought to amend it. Plaintiffs asked for leave to amend several of the counts because they felt that the wording could be clarified to accurately reflect what was intended. Specifically as to count IV, counsel stated he must first speak with his client, who was presently out of town. The trial court responded, "why don't I do this. Why don't I issue an order dismissing all counts. When you get in touch with your client and you find out what direction you want to go, come in on a motion for me to reconsider. That will give you some time. You [have] 30 days then." After acknowledging that count IV might be properly pleaded in tort, the court commented that "When I dismissed [counts] I and II, that doesn't mean you can't come in and file an amendment. All I am saying, without leave of court, you can't come in." The order entered that day provided that the first amended complaint was dismissed with prejudice, but was silent as to leave to amend.

On January 31, 1980, plaintiffs filed a written motion seeking to vacate the January 11 order and requesting leave to file a second amended complaint within 28 days. The proposed amended document was not attached to this motion. That same day, an order was entered directing that the motion be heard on April 2, 1980. On April 2, the court on its own motion continued the hearing on plaintiffs' motion to April 14.

On April 9, defendant filed a memorandum in response to plaintiffs' motion, which asserted that plaintiffs failed to set forth good cause for the requested vacatur and that a motion for leave to amend was untimely after a final judgment.

The hearing on the motion was ultimately held on April 14, 1980. At that hearing, plaintiffs tendered a proposed second amended complaint. The trial court stated that the January 31 motion was "faulty." No explanation was made as to wherein the fault lay. Plaintiffs asserted that they were present on the day of hearing as though present and arguing on January 31, because that hearing was continued twice by the court. The trial court then stated, "That was not a proper motion. * * * I am simply going to rule. I deny the motion." Plaintiffs tendered the proposed second amendment, and the trial court refused to allow it to be marked or filed in the record.[1]

■■ On appeal plaintiffs argue, *inter alia*, that the trial court improperly refused to consider the merits of the proposed amendment in determining whether leave to amend should be granted. We agree. One of the fundamental purposes of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 1 *et seq.*) is to remove obstructions which preclude the resolution of a case on its merits; therefore, amendments to pleadings are to be liberally allowed to enable a party to fully present his case. (*Scala/O'Brien Porsche Audi, Inc. v. Volkswagen of America, Inc.* (1980), 87 Ill. App. 3d 757, 762, 410 N.E.2d 205; *Volvo of America Corp. v. Gibson* (1980), 83 Ill. App. 3d 487, 492, 404 N.E.2d 406.) Granting or denying leave to amend is a matter within the sound discretion of the trial court and its decision will not be disturbed on appeal unless there is an abuse of discretion. (*Intini v. Schwartz* (1979), 78 Ill. App. 3d 575, 579, 397 N.E.2d 84.) The test to be applied in determining whether discretion was properly exercised is whether it furthered the ends of justice and, in such regard, the court may have properly considered the efficacy of a claim in passing on a motion to amend. (*Economy Fire & Casualty Co. v. Pearce* (1979), 79 Ill. App. 3d 559, 399 N.E.2d 151.) If the proposed amendment submitted to the trial court would not have cured the defect, a motion for leave to amend may have been properly denied. (*Kittay v. Allstate Insurance Co.* (1979), 78 Ill. App. 3d 335, 339, 397 N.E.2d 200.) A trial court should not deny leave to amend solely on the basis of delay in filing, without a showing of prejudice to the opposing party other than mere inconvenience; rather, the trial court should address the merits of the proposed amendment. *Merrill v. Drazek* (1978), 58 Ill. App. 3d 455, 458, 374 N.E.2d 792; *Banks v. United Insurance Co.* (1975), 28 Ill. App. 3d 60, 328 N.E.2d 167.

---

[1] As the trial court refused to mark the proposed amendment or to enter it of record, it is not before us. Plaintiffs have represented at oral argument that the proposed second amendment sought to amend all of the counts.

■■ In the instant case, the trial court declined to consider the merits of plaintiffs' proposed amended pleading tendered at the April 14, 1980, hearing in reaching its decision to deny leave to amend. Although no reason was given for the denial, the court apparently denied the requested leave because the January 31 written motion for leave to amend did not tender a copy of the proposed pleading. (See, *e.g.*, *People ex rel. Scott v. Cardet International, Inc.* (1974), 24 Ill. App. 3d 740, 748, 321 N.E.2d 386.) It is the better practice to attach a proposed pleading to the motion for leave to amend; however, as here the proposed amendment is tendered within the time allotted by the continuance, the trial court should have considered the merits of the proposed amendment. The failure to submit the pleading with the initial motion requesting leave to amend was not in violation of any court order or directive which would constitute a sufficient basis for denying a litigant the opportunity of fully presenting his asserted cause of action. (*Swedien v. Hadley School for the Blind* (1979), 70 Ill. App. 3d 466, 388 N.E.2d 977; *Shroat v. Robins* (1972), 7 Ill. App. 3d 293, 287 N.E.2d 157.) In *Swedian*, the plaintiff filed a proposed amended complaint two months after the 28 days within which he had been allowed to file it and the trial court dismissed the cause on that basis, without considering the merits of the amendment. The appellate court reversed on review because a dismissal on that basis, without considering the merits, was deemed to be too harsh a sanction since the delay alone was not so egregious. Plaintiff there was not deemed to have exhibited such a deliberate and contumacious disregard for the court's authority as would have justified such a sanction.

Plaintiffs in the present case submitted the motion to vacate the dismissal order and for leave to file an amended pleading within 30 days of the January 11, 1980, order and submitted the proposed pleading within the time limit of the continuances entered by the trial court. The April 14, 1980, tendering of the amended pleading was not in violation of any court order (see, *e.g.*, *Bailey v. Twin City Barge & Towing Co.* (1979), 70 Ill. App. 3d 763, 388 N.E.2d 789), plaintiffs had otherwise exhibited diligence throughout the litigation (see, *e.g.*, *Cook v. Schwab Rehabilitation* (1979), 77 Ill. App. 3d 245, 395 N.E.2d 1100; *Swedien v. Hadley School for the Blind*), there was no showing of any prejudice to defendant occasioned thereby (see, *e.g.*, *Cook*, at 248; *Merrill v. Drazek*), and there is no indication of any deliberate disregard by plaintiffs of the court's authority (see, *e.g.*, *Ambassador Insurance Co. v. Wilson* (1978), 65 Ill. App. 3d 418, 421, 382 N.E.2d 605). Under such circumstances, the summary disposition of the plaintiffs' proposed amendment without consideration of its merits was unwarranted.

At the April 14 hearing, the trial court had the opportunity to consider the motion for leave to amend, which it had scheduled to be heard for the

first time on its merits that day. The proposed amended pleading was then before the court. In this posture, it should have considered the merits of the tendered pleading. We do not hold by our decision that leave should have been granted, as the proposed amendment is not in the record pursuant to the trial court's order denying leave to file it, and we are unable to determine its contents or propriety (see *Kittay v. Allstate Insurance Co.*). We only hold that the trial court should have considered the merits of the request based upon the contents of the pleading.

■■ Defendant's claim that the January 31 motion was a legal nullity depriving the trial court of jurisdiction is without merit. A motion to vacate is timely made if the motion is filed within 30 days of the judgment order even though the hearing thereon is set for after the expiration of the 30 days. (*Dangeles v. Marcus* (1978), 57 Ill. App. 3d 662, 668, 373 N.E.2d 645.) *Allen v. Howard Bowl, Inc.* (1965), 61 Ill. App. 2d 314, 210 N.E.2d 342, relied on by defendant for the proposition that plaintiffs are precluded from raising the proposed amendment as an issue on appeal, is clearly distinguishable from the present case. Here the trial court expressly denied plaintiffs' attempt to have the proposed amendment marked and made part of the record. See *Scala/O'Brien Porsche Audi, Inc.*

For these reasons, we reverse the trial court's decision and remand for a consideration of whether leave to amend should be allowed based on the contents of the proposed second amended complaint. In light of this disposition of the appeal, it is unnecessary to reach the other arguments raised by plaintiffs, since the cause should proceed from the point of that motion, and any other ruling could be premature. See *Spunar v. Clark Oil & Refining Corp.* (1977), 53 Ill. App. 3d 477, 480, 368 N.E.2d 990.

Reversed and remanded.

DOWNING and PERLIN, JJ., concur.