JEANINE M. DROEN, Plaintiff-Appellant, v. THOMAS WECHSLER, Defendant-Appellee.

First District (1st Division) No. 1—93—4326

Opinion filed March 27, 1995.

James C. Ten Broeck, Jr., of Chicago, for appellant.

Brydges, Riseborough, Morris, Franke & Miller, of Chicago (Debra B. Walker, of counsel), for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

Plaintiff, Jeanine Droen, and defendant, Tom Wechsler, were involved in an intimate relationship from 1988 to 1992. Beginning in September 1991, the parties met with fertility specialists in order to conceive a child. Plaintiff alleges she underwent debilitating and painful medical procedures from September 1991 until July 1992, when defendant terminated their relationship. Plaintiff further alleges that she suffered a loss of income because she was unable to

work during the time she was undergoing fertility treatment. Defendant participated in these medical procedures and paid $5,740 toward the medical expenses, which totaled $18,258.

Plaintiff filed her complaint in the circuit court of Cook County, law division, to recover for damages she allegedly sustained as a result of her attempts to become pregnant during her relationship with defendant. Her first complaint contained counts for intentional infliction of emotional distress, negligent infliction of emotional distress, and fraud. Defendant filed a section 2—615 motion to dismiss plaintiff's complaint (735 ILCS 5/2—615 (West 1992)). The court dismissed the complaint with prejudice on September 23, 1993, because it found no legal basis for plaintiff's cause of action.

Plaintiff filed a motion to reconsider, requesting the court to allow her to file an amended complaint. A proposed amended complaint was not attached to the motion. However, the motion explained that plaintiff's amended complaint would include a claim under the equitable theory of restitution. Plaintiff's first-amended complaint was presented to the court and defendant's counsel at the hearing on November 3, 1993. After requests by plaintiff's counsel to accept the amended complaint and transfer the case to the chancery division, the court refused to grant leave to amend and denied the motion to reconsider on its face as being procedurally inappropriate. Plaintiff filed her notice of appeal on December 3, 1993.

On February 17, 1994, defendant filed a motion to dismiss plaintiff's appeal. Defendant argued that this appeal was not timely because plaintiff's motion to reconsider was not a valid post-judgment motion and did not extend the time for filing a notice of appeal. This court denied defendant's motion on March 10, 1994. Plaintiff filed a motion for oral argument which was granted by this court on May 23, 1994. However, this court, on its own motion, has reconsidered the need for oral argument and finds it to be unnecessary in this case.

The issue on review is whether the circuit court abused its discretion by denying the plaintiff leave to filed an amended complaint. For the reasons set forth below, we find that the circuit court did abuse its discretion.

The circuit court denied plaintiff's motion to reconsider without considering plaintiff's amended complaint because it found the motion to be procedurally inadequate. The circuit court stated that the motion "did not fall within any parameters of a request to reconsider the prior ruling," because it did not allege that the court had erred in applying the law or that there had been a change in the law or the facts. In addition, the court found the fact that the proposed amended

complaint was not attached to the motion to be portentous. The record also indicates that the court's decision was motivated by the fact that plaintiff's new complaint sounded in equity and would be more appropriately decided in the chancery division.

The purpose of a post-judgment motion is to allow the circuit court to review its decisions, and consequently, it must specify the relief requested. (*Andersen v. Resource Economics Corp.* (1990), 133 Ill. 2d 342, 347, 549 N.E.2d 1262, 1264.) In addition, a post-judgment motion must allege grounds that would warrant the granting of the relief requested. (*Beck v. Stepp* (1991), 144 Ill. 2d 232, 241, 579 N.E.2d 824, 828; *Andersen*, 133 Ill. 2d at 347, 549 N.E.2d at 1262.) A post-judgment motion either challenges the judgment, basing its attack upon facts apparent at the time the judgment was rendered, or raises new facts or matters which were not presented to the court or considered by it when it ruled. *Andersen*, 133 Ill. 2d at 348, 549 N.E.2d at 1265.

In *Andersen*, the supreme court held that the plaintiff's motion for leave to amend did not constitute a valid post-judgment motion because it did not request modification or vacation of the judgment or offer any points warranting relief. (*Andersen*, 133 Ill. 2d at 347, 549 N.E.2d at 1264-65.) The motion did not state any new facts or new theories, but merely stated that there were "new and distinct *** allegations" based on facts previously unknown to plaintiff's attorney that would cure any defect in the prior complaint. (*Andersen*, 133 Ill. 2d at 348, 549 N.E.2d at 1265.) The court found plaintiff's motion to be "nothing more than a title and an ambiguous prayer for relief with absolutely no substance in between." (*Andersen*, 133 Ill. 2d at 347, 549 N.E.2d at 1265.) In *Beck*, the supreme court held that a letter sent to the trial judge was not a valid post-judgment motion for the same reasons set out in *Andersen*. *Beck*, 144 Ill. 2d at 241-42, 579 N.E.2d at 828-29.

Likewise, in *Sho-Deen, Inc. v. Michel* (1994), 263 Ill. App. 3d 288, 635 N.E.2d 1068, the court found plaintiff's motion to reconsider, which consisted of one sentence requesting the trial court to reconsider its order, to be an invalid post-judgment motion. (*Sho-Deen, Inc.*, 263 Ill. App. 3d at 292, 635 N.E.2d at 1072.) The court reasoned that although the motion requested a cognizable form of relief, it did not provide a factual or legal basis upon which the trial court could reconsider its prior decision. (*Sho-Deen, Inc.*, 263 Ill. App. 3d at 292, 635 N.E.2d at 1072.) The court noted that its holding should not be construed as imposing "hypertechnical drafting requirements" and emphasized that the motion before it was "totally devoid of *any* indication of points allegedly warranting relief." (Emphasis in original.) *Sho-Deen, Inc.*, 263 Ill. App. 3d at 293, 635 N.E.2d at 1072.

In *Mendelson v. Ben A. Borenstein & Co.* (1992), 240 Ill. App. 3d 605, 608 N.E.2d 187, this court found a motion, labelled "motion for reconsideration," to be a valid post-judgment motion where it requested the court to reconsider its order granting summary judgment and requested leave of court to file a supporting memorandum within 14 days of the hearing of the motion. (*Mendelson*, 240 Ill. App. 3d at 615, 608 N.E.2d at 193.) While recognizing the specificity requirement set out in *Andersen* and *Beck*, this court found those cases distinguishable because they involved documents which could not reasonably be deemed post-judgment motions.

■ We hold that plaintiff's motion to reconsider was a valid post-judgment motion. Plaintiff's motion was labeled "motion to reconsider" and requested that the trial court reconsider its order dismissing plaintiff's case without leave to file an amended complaint. In this motion plaintiff expressed her desire to file an amended complaint sounding in equity and cited the statutory law which grants the court the power to allow amendments to add new causes of action. Plaintiff has met the specificity requirements set out in *Andersen* and *Beck*. She requested a cognizable form of relief and provided a basis that would warrant the granting of the relief requested.

The decision to vacate a dismissal and allow an amended complaint is within the sound discretion of the trial court, and the holding will not be overruled unless the reviewing court finds an abuse of discretion. (*Edwards v. University of Chicago Hospitals & Clinics* (1985), 137 Ill. App. 3d 485, 488-89, 484 N.E.2d 1100, 1103; see also *Loyola Academy v. S&S Roof Maintenance, Inc.* (1992), 146 Ill. 2d 263, 273-74, 586 N.E.2d 1211, 1216; *Thomas v. Davenport* (1990), 196 Ill. App. 3d 1042, 1045-46, 554 N.E.2d 604, 606-07.) A circuit court abuses its discretion if it refuses to allow a plaintiff to amend his complaint when a cause of action can be stated if the complaint is amended. (*McKinnon v. City of Chicago* (1993), 243 Ill. App. 3d 87, 92-93, 612 N.E.2d 67, 71; *Disc Jockey Referral Network, Ltd. v. Ameritech Publishing* (1992), 230 Ill. App. 3d 908, 915-16, 596 N.E.2d 4, 10.) The trial court should exercise its discretion liberally in favor of allowing amendments if allowing the amendment will further the ends of justice. (*Cantrell v. Wendling* (1993), 249 Ill. App. 3d 1093, 1095, 620 N.E.2d 9, 11.) Although the court may consider the efficacy of the claim when deciding whether to allow an amendment, any doubt should be resolved in favor of allowing the amendment. *Bowe v. Abbott Laboratories, Inc.* (1992), 240 Ill. App. 3d 382, 389, 608 N.E.2d 223.

While it might have been better practice for plaintiff to attach her proposed amended complaint to her motion to reconsider, it was not crucial here because her motion indicated the substance of her proposed amendment and she provided the amended complaint at the hearing. (See *Baker v. Walker* (1988), 173 Ill. App. 3d 836, 842, 528 N.E.2d 5, 9-10; *Cvengros v. Liquid Carbonic Corp.* (1981), 99 Ill. App. 3d 376, 380, 425 N.E.2d 1050, 1053-54.) In *Cvengros*, the trial court dismissed the plaintiffs' complaint and the plaintiffs filed motions to vacate the dismissal and for leave to file an amended complaint. (*Cvengros*, 99 Ill. App. 3d at 378, 425 N.E.2d at 1052-53.) The plaintiffs did not attach the proposed amendment to the motion, but tendered the amended complaint at the hearing. (*Cvengros*, 99 Ill. App. 3d at 378-79, 425 N.E.2d at 1053.) The circuit court failed to consider the merits of the proposed amendment and denied leave to amend because the plaintiffs failed to tender the proposed amendment at the time they filed their motion. (*Cvengros*, 99 Ill. App. 3d at 380, 425 N.E.2d at 1053.) The appellate court reversed and held that the circuit court should have considered the merits of the proposed amended complaint. (*Cvengros*, 99 Ill. App. 3d at 381, 425 N.E.2d at 1054.) In so holding, the court stated: "The failure to submit the pleading with the initial motion requesting leave to amend was not in violation of any court order or directive which would constitute a sufficient basis for denying a litigant the opportunity of fully presenting his asserted cause of action." *Cvengros*, 99 Ill. App. 3d at 380, 425 N.E.2d at 1054, citing *Swedien v. Hadley School for the Blind* (1979), 70 Ill. App. 3d 466, 388 N.E.2d 977, *Shroat v. Robins* (1972), 7 Ill. App. 3d 293, 287 N.E.2d 157.

Nothing in the record indicates that plaintiff was violating any court order or directive in this case. The circuit court should exercise its discretion liberally in favor of allowing amendments so that cases are decided on their merits and not on procedural technicalities. (*Trinity Bible Baptist Church v. Federal Kemper Insurance Co.* (1991), 219 Ill. App. 3d 156, 163, 578 N.E.2d 1375, 1379.) Plaintiff was given no opportunity to replead her cause of action against defendant. Further, there has been no showing that defendant would be prejudiced by allowing plaintiff to amend her complaint. To affirm the circuit court's order denying plaintiff leave to amend would not further the ends of justice in this case.

■ We further note that the circuit court was incorrect in stating that it could not rule on plaintiff's proposed amended complaint because it included an equitable theory of law and requested chancery relief. The circuit court of Cook County is a court of general jurisdiction. (Ill. Const. 1970, art. VI, § 9.) The fact that the court has been administratively divided into the law and chancery divisions

does not affect the power of any of its judges to hear any matter properly pending in the circuit court. (*Fulton-Carroll Center, Inc. v. Industrial Council of Northwest Chicago, Inc.* (1993), 256 Ill. App. 3d 821, 823, 628 N.E.2d 1121, 1123.) The fact that plaintiff's proposed amended complaint sounded in equity should not have motivated the court's decision to deny plaintiff leave to amend. We find that the circuit court abused its discretion by denying plaintiff's motion to reconsider and denying plaintiff leave to amend her complaint.

For the foregoing reasons, we reverse the order of the circuit court and remand for further proceedings consistent with this order.

Reversed and remanded.

CAMPBELL, P.J., and BRADEN, J., concur.