SHO-DEEN, INC., Plaintiff-Appellee, v. JOHN S. MICHEL, Defendant-Appellant and Cross-Appellee (First Chicago Bank of St. Charles, Intervenor-Appellee and Cross-Appellant).

Second District   No. 2—93—0207

Opinion filed June 10, 1994.

John E. Dolkart, of Chicago, for appellant.

Lawrence D. Wechter, of Durrenberger & Wechter, P.C., of Batavia, for appellee First Chicago Bank of St. Charles.

JUSTICE DOYLE delivered the opinion of the court:

Plaintiff, Sho-Deen, Inc., filed a complaint in forcible entry and detainer in the circuit court of Kane County against defendant, John S. Michel. Following defendant's partial default, which resulted in plaintiff being granted possession of the premises and the trial court setting the matter for trial on the issue of damages, defendant answered and counterclaimed against plaintiff for breach of contract, *quantum meruit*, unjust enrichment, fraud, intentional infliction of emotional distress, and an accounting. First Chicago Bank of St. Charles (First Chicago), an unsatisfied judgment creditor of defendant, intervened. Following a settlement of the claims between plaintiff and defendant, wherein plaintiff was obligated to pay defendant approximately $24,000, First Chicago moved for a distribution of the settlement proceeds. Finding that defendant's claim to the homestead exemption did not apply, that an unrelated attorney's lien claim did not take priority over First Chicago's claim, and that the assertion of the "wild card" exemption was permissible, the trial court awarded First Chicago an amount equal to approximately one-third of the settlement proceeds. Defendant's "motion for reconsideration" was denied, and he appeals. First Chicago cross-appeals, and plaintiff is not a party to this appeal.

Defendant's sole contention on appeal is that the trial court erred in failing to allow him the homestead exemption against the settlement proceeds. First Chicago responds (1) that this court does not have jurisdiction to hear defendant's appeal; (2) that the trial court properly denied defendant's claim for homestead rights in the settlement proceeds; and (3) that the trial court erred in granting defendant a partial award of the proceeds premised on the personal property exemption. Because First Chicago raises a challenge to this court's jurisdiction to hear the merits of defendant's appeal, we must initially consider that assertion.

In order to appreciate fully First Chicago's jurisdictional challenge, it is necessary to recite the relevant procedural history. On December 7, 1992, the trial court entered its order denying defendant's assertion of the homestead exemption in connection with the distribution of the proceeds from defendant's earlier settlement with plaintiff. The court further ordered First Chicago's attorney to prepare an order consistent with the court's findings and a previous

stipulation regarding the distribution of the settlement proceeds. On December 18, 1992, the court entered an order distributing $2,000 to defendant and $7,463.48 to First Chicago. Distribution of the remaining proceeds, consisting of approximately $15,000, was previously determined and no longer in dispute.

On January 6, 1993, defendant filed a motion entitled "Motion for Reconsideration and Other Relief." His motion requested relief from the circuit court's December 7 order, which denied his homestead exemption, and an order that his first amended counterclaim be filed *nunc pro tunc* October 16. Relative to his homestead claim, defendant's motion set forth a single sentence, which provided as follows:

"The defendant John S. Michel, by and through his undersigned counsel respectfully moves that the court reconsider its order entered on December 7, 1992 denying him homestead."

Thirteen days later, on January 19, the trial court denied defendant's motion. On February 18, defendant filed his notice of appeal.

First Chicago maintains that defendant's notice of appeal was untimely because defendant's motion to reconsider did not constitute a post-trial motion within the meaning of Supreme Court Rule 303(a)(1). (See 134 Ill. 2d R. 303(a)(1).) First Chicago argues that defendant's failure to include any factual or legal basis in his motion rendered it a nullity, and, therefore, his filing of the motion did not toll the time limit for filing a notice of appeal. Accordingly, because defendant filed his notice of appeal more than 30 days after the December 7 order, defendant did not properly invoke the jurisdiction of this court, and his appeal should be dismissed.

It is incumbent upon an appellate court to dismiss an appeal where jurisdiction is lacking. (*Ferguson v. Riverside Medical Center* (1985), 111 Ill. 2d 436, 440; *Hamilton v. Williams* (1992), 237 Ill. App. 3d 765, 772.) An appeal is perfected when a timely notice of appeal is filed in the circuit court. (134 Ill. 2d Rules 301, 303.) No other step is jurisdictional. (*People ex rel. Anders v. Burlington Northern, Inc.* (1975), 31 Ill. App. 3d 1001, 1003.) Generally, a notice of appeal must be filed within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, within 30 days after the entry of the order disposing of the last pending post-trial motion. (134 Ill. 2d R. 303.) A motion to reconsider judgment falls within the purview of post-judgment motions which must be filed within 30 days after the challenged judgment is entered. (*Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 538.) Supreme Court Rules 301 and 303 have been

subsequently amended, effective February 1, 1994. (See Official Reports Advance Sheet No. 26 (December 22, 1993) Rules 301, 303, eff. February 1, 1994.) Because this appeal was pending prior to the effective date of the amendment, the earlier version of the rules controls. The precise issue we must address is whether defendant's motion to reconsider qualifies as a post-trial motion.

■ In order to qualify as a post-judgment motion, defendant's motion must (1) request at least one of the forms of relief specified in section 2—1203; (2) specify grounds that would warrant granting the relief requested; and (3) be filed with the court clerk accompanied with proof that copies have been served on all parties. (See *Beck v. Stepp* (1991), 144 Ill. 2d 232, 240-41; see also *Andersen v. Resource Economics Corp.* (1990), 133 Ill. 2d 342, 347-48.) Section 2—1203 of the Illinois Code of Civil Procedure provides:

"§ 2—1203. Motions after judgment in non-jury cases. (a) In all cases tried without a jury, any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." 735 ILCS 5/2—1203 (West 1992).

In *Beck*, the trial court purportedly granted the defendant's motion for summary judgment in a personal injury case. Nine days after entering its order, the trial court received a letter from plaintiff's counsel stating that he understood the trial court's disposition as a denial of the defendant's motion. Following subsequent hearings, the trial court amended its order, denying the defendant's motion for summary judgment.

Raised as an alternative argument on appeal, the plaintiff maintained that his letter requesting the entry of a *nunc pro tunc* order was in substance a post-judgment motion. The court rejected this argument, finding that the letter failed to qualify as a post-judgment motion in all material respects. The court disagreed that the closing phrase of the letter, which thanked the judge for his attention to the matter, expressed a request for modification or other relief. The court further determined that counsel's letter failed to specify grounds that would warrant granting the relief requested. At most, the letter was tantamount to a notice of motion, which is not in itself an application to the court. (*Beck*, 144 Ill. 2d at 241.) Having also determined that the letter was not a valid motion for *nunc pro tunc* modification of the court's original order (*Beck*, 144 Ill. 2d at 239), the Illinois Supreme Court reversed the appellate court and reinstated the trial court's order which granted summary judgment in favor of defendant.

In *Andersen*, a plaintiff's motion for leave to file a third amended complaint was determined to be neither a valid post-judgment motion cognizable by the trial court nor capable of extending the time for filing a notice of appeal. (*Andersen*, 133 Ill. 2d at 346.) The plaintiff's motion did not request modification or vacation of the judgment or offer any points warranting relief. The court noted further that the motion was no "more than a title and an ambiguous prayer for relief with absolutely no substance in between." *Andersen*, 133 Ill. 2d at 347.

Recently the Appellate Court, First District, held that a motion for reconsideration which failed to articulate any grounds to warrant relief but was accompanied by a request for leave to file a memorandum satisfied the requirement of specificity, thus tolling the time for filing a notice of appeal. (*Mendelson v. Ben A. Borenstein & Co.* (1992), 240 Ill. App. 3d 605, 615-16.) Recognizing that *Beck* and *Andersen* had engrafted a requirement of specificity onto section 2—1203, the court determined that, unlike those cases, the motion before it specifically requested a type of relief contemplated under section 2—1203 and Supreme Court Rule 303(a)(1), and, more importantly, plaintiff requested leave to file a supporting memorandum to supply, ostensibly, the requisite specificity. *Mendelson*, 240 Ill. App. 3d at 615.

■ In the present case, defendant's entire motion, relative to his homestead claim, is contained in a single sentence. His request for relief is nothing more than a bald statement devoid of any substance: Post-judgment motions attacking or challenging the judgment generally raise one of two challenges: (1) a challenge to the judgment, which bases its attack upon facts apparent at the time the judgment was rendered, and (2) one which raises new facts or matters which were not presented to the court or considered by it when it ruled, but which, arguably, would have prevented rendition of the judgment had they been known to the court. (*Andersen*, 133 Ill. 2d at 347-48.) Defendant's motion articulates no new facts or theories. Although his motion does, in a cursory fashion, request a form of relief cognizable under section 2—1203 and Supreme Court Rule 303(a)(1), the motion fails to state any legal or factual basis upon which to afford the trial court an opportunity to assess its earlier decision.

Similar to the court's distinction in *Mendelson*, defendant maintains that *Beck* and *Andersen* are distinguishable because in neither of those cases could the document at issue be reasonably characterized a post-judgment motion. Unlike the letter in *Beck* or the motion for leave in *Andersen*, defendant argues that his motion specifically requested reconsideration, which brings it closer in line

with *Mendelson.* We agree that defendant's motion requests with adequate specificity a form of relief recognized in section 2—1203. (*Beck,* 144 Ill. 2d 232.) His argument, however, fails to recognize that the specificity requirement extends beyond stating a cognizable form of relief. The requirement of specificity is not limited to stating the type of relief requested; rather, it extends to the expression of points warranting such relief. See *Andersen,* 133 Ill. 2d at 347.

Additionally, plaintiff's argument fails to recognize that in *Mendelson* the court found it significant, in considering the specificity requirement, that the motion requested leave to file a supporting memorandum which ostensibly would have provided the necessary grounds for warranting relief. Unlike *Mendelson,* and we express no opinion as to whether we would agree with *its* ultimate holding, defendant here provided the trial court with only a single sentence summarily requesting relief and containing no indication that he would provide additional support to warrant the court's reconsideration. Accordingly, we hold that under *Beck* and *Andersen* defendant's motion was not a valid post-judgment motion.

Our holding, however, should not be construed as imposing hypertechnical drafting requirements governing post-trial motions. The deficiency in the present motion is that it is totally devoid of *any* indication of points allegedly warranting relief. The purpose of a post-trial motion is to allow the trial court to review its decision, and, to that end, some degree of specificity is required. (*Andersen,* 133 Ill. 2d at 347.) Moreover, although the record does not indicate such a practice here, we are equally concerned that, in the absence of a requirement that a post-trial motion contain some element of substance, a *pro forma* motion for reconsideration could be utilized as a mere pretext by which a party could unilaterally extend the time requirements for filing its notice of appeal.

In conclusion, because defendant's motion was not a valid posttrial motion which would stay the time within which to appeal, his notice of appeal, which was filed more than 30 days following the order he attempts to appeal from, did not invoke the jurisdiction of this court in a timely manner. (See 134 Ill. 2d Rules 301, 303.) Defendant's appeal therefore is dismissed. Additionally, First Chicago's crossappeal is dismissed as untimely because its notice of cross-appeal was filed neither within 10 days after service of a timely notice of appeal nor within 30 days of the entry of an order disposing of the last pending post-trial motion. (See 134 Ill. 2d R. 303(a)(3).) Furthermore, our disposition makes it unnecessary to consider defendant's motion, which was ordered taken with the case, to strike certain portions of First Chicago's brief.

For the foregoing reasons, defendant's appeal and First Chicago's cross-appeal are dismissed.

Appeal dismissed.

McLAREN and PECCARELLI, JJ., concur.