JOHN ROBERTSON *et al.*, Co-Special Adm'rs of the Estate of Melinda Robertson, Deceased, Plaintiffs-Appellants, v. WINNEBAGO COUNTY FOREST PRESERVE DISTRICT *et al.*, Defendants-Appellees.—JOHN ROBERTSON *et al.*, Co-Special Adm'rs of the Estate of Melinda Robertson, Deceased, Plaintiffs-Appellants, v. WINNEBAGO COUNTY FOREST PRESERVE DISTRICT *et al.*, Defendants-Appellees.

Second District   Nos. 2—97—1160, 2—97—1161 cons.

Opinion filed November 20, 1998.—Rehearing denied December 28, 1998.

Philip H. Corboy and Michael G. Mahoney, both of Corboy & Demetrio, P.C., of Chicago, for appellants.

Paul A. Logli, State's Attorney, of Rockford (Charles J. Prorok, Assistant State's Attorney, of counsel), for appellee Winnebago County Forest Preserve District.

Kristine A. Karlin, Jay S. Judge, and Edward F. Dutton, all of Judge, James & Dutton, Ltd., of Park Ridge, and Alfred W. Cowan, Jr., of Brassfield, Cowan & Howard, of Rockford, for appellee Rockford Park District.

Thomas A. Bueschel, of Conde, Stoner & Killoren, of Rockford, for appellees Rockford Board of Education and Rockford School District 205.

JUSTICE THOMAS delivered the opinion of the court:

Plaintiffs, co-special administrators of the estate of Melinda Robertson, deceased, filed a wrongful death action against defendants, Winnebago County Forest Preserve District (Forest Preserve), Rockford Park District (Park District), Rockford School District 205 (School District), and Rockford Board of Education (Board), following the drowning death of Melinda. Pursuant to defendants' motions, the trial court dismissed plaintiffs' complaint with prejudice on the ground that defendants were immune from liability pursuant to section 3—110 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/3—110 (West 1996)). The trial court then denied plaintiffs' motion for reconsideration, to vacate, and for leave to file an amended complaint at law. In a separate action that has been consolidated on appeal, plaintiffs filed a survival action against the same defendants based upon the same incident. The trial court dismissed plaintiffs' survival action, finding that the survival action was barred by section 3—110 of the Tort Immunity Act and also was barred on *res judicata* grounds. Plaintiffs now appeal the dismissal of both actions and also appeal the trial court's denial of their motion for reconsideration, to vacate, and for leave to file an amended complaint in the wrongful death action.

■ Before discussing the merits of plaintiffs' appeal, we must first address whether we have jurisdiction to hear this appeal. See *Mar Cement, Inc. v. Diorio Builders, Inc.*, 153 Ill. App. 3d 798, 800 (1987). Defendants Park District, School District, and Board contend that this court lacks jurisdiction over plaintiffs' appeal in the wrongful death case because plaintiffs' motion for reconsideration, to vacate, and for leave to file an amended complaint was not a valid postjudgment motion. After plaintiffs had filed their notice of appeal in the wrongful death case but prior to the filing of plaintiffs' brief, the Park District filed a motion to dismiss the appeal for lack of jurisdiction. This court denied the Park District's motion. However, as noted by the Park District, this court's denial of a motion to dismiss an appeal prior to briefing and argument is not final and may be revised at any time before disposition of the appeal. *Hwang v. Tyler*, 253 Ill. App. 3d 43, 45 (1993). This court has an obligation to consider its jurisdiction at any time and, if jurisdiction is lacking, should dismiss an appeal. *Hwang*, 253 Ill. App. 3d at 45.

■ Pursuant to Supreme Court Rule 303(a)(1), a notice of appeal must be filed within 30 days after entry of the final judgment appealed from, or if a timely posttrial motion directed against the final judgment had been filed, within 30 days after entry of the order disposing of the last pending postjudgment motion. 155 Ill. 2d R. 303(a)(1). In

order to qualify as a postjudgment motion, the motion must request at least one of the forms of relief specified in section 2—1203 of the Code of Civil Procedure (735 ILCS 5/2—1203 (West 1996)), it must specify the grounds that would warrant granting the relief requested, and it must be filed with the clerk. *Sho-Deen, Inc. v. Michel*, 263 Ill. App. 3d 288, 291 (1994).

■ Section 2—1203 provides that in cases tried without a jury any party may, within 30 days after entry of the judgment, file a motion for a rehearing, a retrial, a modification or vacation of the judgment, or other relief. 735 ILCS 5/2—1203 (West 1996). The Illinois Supreme Court has held that a motion for leave to amend is not a valid postjudgment motion cognizable by the circuit court or capable of extending the time for filing a notice of appeal under Illinois Supreme Court Rule 303(a)(1) (155 Ill. 2d R. 303(a)(1)). *Andersen v. Resource Economics Corp.*, 133 Ill. 2d 342, 346 (1990). This is because a motion for leave to amend is not "directed against the judgment" within the meaning of Rule 303(a)(1), nor is a motion to amend encompassed within the relief specified in section 2—1203 (formerly Ill. Rev. Stat. 1969, ch. 110, par. 68.3(1)). *Andersen*, 133 Ill. 2d at 347, citing *Fultz v. Haugan*, 49 Ill. 2d 131, 135-36 (1971).

In *Andersen*, the supreme court declined to find that a motion for leave to file a third amended complaint was a valid postjudgment motion. *Andersen*, 133 Ill. 2d 342. The motion for leave to file a third amended complaint stated that plaintiff would plead new and distinct allegations that would state a substantively different theory and would cure any defects in prior complaints. *Andersen*, 133 Ill. 2d at 344. The plaintiff claimed that his motion for leave to file a third amended complaint was in the nature of a posttrial motion. *Andersen*, 133 Ill. 2d at 344. The supreme court noted that the plaintiff's motion did not request modification or vacation of the judgment at issue, nor did it offer any points warranting modification or vacation of the judgment. *Andersen*, 133 Ill. 2d at 347. The supreme court stated that the motion was "nothing more than a title and an ambiguous prayer for relief with absolutely no substance in between" (*Andersen*, 133 Ill. 2d at 347) and to call the motion a postjudgment motion "would be to blindly adhere to nomenclature at the expense of reality." *Andersen*, 133 Ill. 2d at 347.

■ Because the nature of a motion is determined by its substance rather than its caption (*J.D. Marshall International, Inc. v. First National*, 272 Ill. App. 3d 883, 888 (1995)), we must examine the body of plaintiffs' motion in order to determine whether it was a valid postjudgment motion. Plaintiffs' motion provided as follows:

"Plaintiffs, JOHN ROBERTSON and MELANIE ROBERTSON,

Independent Administrators of the Estate of MELINDA ROBERT-SON, Deceased, hereby move for reconsideration, to vacate and for leave to file Plaintiffs' Amended Complaint at Law. In support, plaintiffs state:

1. This lawsuit arises from the death of Melinda Robertson, a nine-year-old [*sic*] girl, in a school sponsored canoeing trip on the Kishwaukee River in Winnebago County, Illinois on May 10, 1996.

2. Plaintiffs filed the original Complaint in this matter on August 21, 1996.

3. Motions to Dismiss were filed by each of the named defendants; these Motions were fully briefed.

4. On March 13, 1997, this court granted each defendant's Motion to Dismiss based solely upon Section 3—110 of the Tort Immunity Act, 745 ILCS 10/3—110; Plaintiffs' Complaint was dismissed with prejudice. \*\*\*

5. No action should be dismissed unless it is clear that plaintiff can prove no set of facts which will entitle him to recovery. *Burley v. On The Waterfront*, 228 Ill. App. 3 [*sic*] (2nd Dist. 1992).

6. Plaintiffs can in fact plead and prove sufficient facts in this matter to entitle them to recovery.

7. Plaintiff[s] will be able to allege additional facts and details with respect to the defendants [*sic*] conduct leading to Melinda Robertson's death. In addition, the proposed Amended Complaint will plead in separate counts, the special duty owed by each of the defendants to Melinda Robertson, as argued by plaintiffs in their Response to defendants [*sic*] Motions. Finally, the proposed Amended Complaint will include Counts alleging an assumed duty on the part of these defendants.

For these reasons, plaintiffs respectfully requests [*sic*] this Court to reconsider its orders of March 13, 1997 dismissing plaintiffs' cause of action with prejudice, to vacate said orders and for leave to file an Amended Complaint at Law, instanter."

■ In this case, although plaintiffs titled their motion a motion for reconsideration, to vacate, and for leave to file an amended complaint, our examination of the substance of the motion reveals that it is nothing more than a motion for leave to file an amended complaint similar to the motion at issue in *Andersen*. Nowhere in the body of the motion does plaintiff request that the trial court reconsider or vacate its dismissal of the wrongful death action with prejudice, nor does plaintiffs' motion offer any argument warranting such relief. Plaintiffs' motion simply requests leave to file an amended complaint. As in the *Andersen*

case, to call plaintiffs' motion a postjudgment motion "would be to blindly adhere to nomenclature at the expense of reality" (*Andersen*, 133 Ill. 2d at 347).

We note that the Appellate Court, First District, has recently disagreed with the supreme court's decision in *Andersen*. See *Berg v. Allied Security, Inc., Chicago*, 297 Ill. App. 3d 891 (1998). In *Berg*, the plaintiff filed a motion to reconsider the trial court's order granting summary judgment for defendants and, in the alternative, requested leave to file a second amended complaint. *Berg*, 297 Ill. App. 3d at 893. Although the court in *Berg* did not excerpt the motion at issue, the court noted that the defendants moved to dismiss the plaintiff's appeal as untimely because it did not include any specific grounds that would warrant reversal of the trial court's decision. *Berg*, 297 Ill. App. 3d at 894. Upon review, the Appellate Court, First District, held that "despite the fact that plaintiff's motion did not contain the specific grounds relied upon for its request for relief, it nonetheless met the requirements of section 2—1203 and was a valid postjudgment motion." *Berg*, 297 Ill. App. 3d at 896.

The Appellate Court, First District, then noted language to the contrary in *Andersen*, 133 Ill. 2d 342, and in *Beck v. Stepp*, 144 Ill. 2d 232, 241 (1991). *Berg*, 297 Ill. App. 3d at 896. The language referred to in those cases indicated that a postjudgment motion must specify grounds that would warrant granting the relief requested. The Appellate Court, First District, held that the language concerning specificity in section 2—1203 postjudgment motions was erroneous judicial *dicta* that it was not bound to follow. *Berg*, 297 Ill. App. 3d at 896.

The *Berg* court also distinguished the *Andersen* case, noting that the plaintiffs' motion in *Andersen* "was merely a motion for leave to amend" (*Berg*, 297 Ill. App. 3d at 896) that failed to request any of the forms of relief set forth in section 2—1203, while the plaintiff in the case before it had filed a proper motion to reconsider. *Berg*, 297 Ill. App. 3d at 896. Likewise, the document at issue in the supreme court's decision in *Beck* also "did not qualify as a postjudgment motion in the first instance, regardless of its lack of specificity." *Berg*, 297 Ill. App. 3d at 897. The Appellate Court, First District, held that specificity is not required in a section 2—1203 postjudgment motion and expressly disagreed with those cases that cited *Andersen* and *Beck* in holding that specificity is required in a section 2—1203 motion. See, *e.g., J.D. Marshall International, Inc. v. First National Bank*, 272 Ill. App. 3d 883, 888 (1995); *Droen v. Wechsler*, 271 Ill. App. 3d 332, 334 (1995); *Sho-Deen, Inc. v. Michel*, 263 Ill. App. 3d 288, 293 (1994); *Mendelson v. Ben A. Borenstein & Co.*, 240 Ill. App. 3d 605, 615 (1992).

We disagree with the court in *Berg* that a party need not set forth

any basis in support of a section 2—1203 motion as long as the motion contains a conclusory statement requesting the court to reconsider or vacate its decision. As this court noted in *Sho-Deen, Inc.*, "in the absence of a requirement that a post-trial motion contain some element of substance, a *pro forma* motion for reconsideration could be utilized as a mere pretext by which a party could unilaterally extend the time requirements for filing its notice of appeal." *Sho-Deen, Inc.*, 263 Ill. App. 3d at 293. This court held that the motion at issue in that case was not a proper section 2—1203 motion because it was devoid of any indication of points warranting relief. *Sho-Deen, Inc.*, 263 Ill. App. 3d at 293. This court clarified, however, that the specificity requirement for section 2—1203 motions "should not be construed as imposing hypertechnical drafting requirements governing post-trial motions." *Sho-Deen, Inc.*, 263 Ill. App. 3d at 293.

Here, plaintiffs attempted to convert their motion for leave to file an amended complaint, which is not a proper section 2—1203 motion, into a section 2—1203 motion simply by including the words "reconsider" and "vacate" in the title of the motion and in the prayer for relief. We agree with the court in *J.D. Marshall International, Inc.*, that "[i]f a motion were to fall outside the scope of *Andersen* merely by requesting that the trial court vacate, modify or reconsider its dismissal with prejudice in the course of seeking leave to amend, then *Andersen* would be meaningless, because such relief is implicit in seeking leave to amend after a dismissal with prejudice." *J.D. Marshall International, Inc.*, 272 Ill. App. 3d at 890.[1]

The substance of the plaintiffs' motion in this case did not allege that the trial court's ruling was in error, nor was it directed against the judgment within the meaning of Supreme Court Rule 303(a)(1) (155 Ill. 2d R. 303(a)(1)). Because plaintiffs failed to set forth any basis that would have warranted the trial court's reconsideration or vacation of its order dismissing plaintiffs' wrongful death claim with prejudice, we find that plaintiffs' motion was not a valid postjudgment motion and thus did not extend the 30-day time limit for filing a notice of appeal to this court. Plaintiffs' notice of appeal was filed on November 26, 1997, more than 30 days after the March 13, 1997, order dismissing plaintiffs' wrongful death claim with prejudice. Consequently, this court lacks jurisdiction to hear the appeal in case No. 2—97—1160, plaintiffs' wrongful death action, and we therefore dismiss that appeal.

---

[1]We note that Justice Campbell, who wrote the opinion in *J.D. Marshall International, Inc.*, filed a special concurrence in the *Berg* case stating that he was not in accord with the majority's discussion of *Anderson* and *Beck*. See *Berg*, 297 Ill. App. 3d at 906 (Campbell, P.J., specially concurring).

In appeal No. 2—97—1161, plaintiffs appeal the dismissal on *res judicata* grounds of their survival action against the same defendants. The trial court granted defendants' motions to dismiss the survival action on October 29, 1997, and plaintiffs filed their notice of appeal on November 26, 1997. This appeal was filed within 30 days of entry of the final judgment, and, thus, we have jurisdiction over this appeal.

As noted, on March 13, 1997, the trial court dismissed plaintiffs' wrongful death claim against defendants with prejudice. On April 11, 1997, plaintiffs filed their motion for reconsideration, to vacate, and for leave to file an amended complaint. While plaintiffs' motion for reconsideration, to vacate, and for leave to file an amended complaint was pending in the wrongful death action, plaintiffs filed another complaint at law against the same defendants on May 12, 1997, seeking recovery under the Survival Act (755 ILCS 5/27—6 (West 1996)). As plaintiffs admitted in their response to defendants' motions to dismiss their Survival Act claim, the allegations in the Survival Act complaint were identical to the allegations in the wrongful death claim except with respect to the damages sought in the complaint. The trial court granted defendants' motions to dismiss the survival claim with prejudice pursuant to section 2—619(a)(4) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(4) (West 1996)), finding that the survival action was based upon the same facts as alleged in the wrongful death claim, that the Tort Immunity Act also barred plaintiffs' survival action, and that the doctrine of *res judicata* applied to the survival action.

On appeal, plaintiffs claim that their survival action was not barred by *res judicata* because the dismissal of their wrongful death claim was not a final judgment on the merits. Plaintiffs argue that, because the wrongful death claim was subject to appellate review, it was still pending and, thus, was not final.

■ The doctrine of *res judicata* provides that a final judgment on the merits "is conclusive as to the rights of the parties and their privies and, as to them, is an absolute bar to a subsequent action involving the same cause of action." *Pelon v. Wall*, 262 Ill. App. 3d 131, 134 (1994). A party invoking *res judicata* must prove that there is an identity of the parties or their privies in the two suits, there is an identity of the causes of action, and there is a final judgment on the merits in the first suit. *Pelon*, 262 Ill. App. 3d at 135. Here, there is no question that there is an identity of parties and an identity of the causes of action in the two suits. At issue, then, is whether there is a final judgment on the merits in the wrongful death case that would bar the survival action.

■ Illinois Supreme Court Rule 273 provides that "an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction,

for improper venue, or for failure to join an indispensable party, operates as an adjudication on the merits." 134 Ill. 2d R. 273. Accordingly, the trial court's order dismissing plaintiffs' wrongful death action with prejudice was an adjudication on the merits. We must determine, however, whether that judgment was a final judgment. This court has held that a judgment is not final for *res judicata* purposes until the possibility for appellate review has been exhausted. *Pelon*, 262 Ill. App. 3d at 135. However, a judgment is *res judicata* where an appeal has not been perfected. *Debowski v. Shred Pax Corp.*, 45 Ill. App. 3d 891, 897 (1977). An appeal is perfected when a timely notice of appeal is filed with the circuit court. *Sho-Deen, Inc.*, 263 Ill. App. 3d at 290.

■ The trial court in this case did not state the basis for its finding that *res judicata* barred plaintiffs' survival action. This court, however, may affirm a correct decision of the trial court for any reason appearing in the record regardless of the basis of the decision relied upon by the trial court. *Geick v. Kay*, 236 Ill. App. 3d 868, 873 (1992). Here, as noted above, plaintiffs failed to file the appeal of their wrongful death action within 30 days of the final order dismissing that action with prejudice. Because plaintiffs did not perfect their appeal, the judgment entered in the wrongful death case was a final judgment on the merits, and, thus, plaintiffs' survival claim was barred by the doctrine of *res judicata*. We therefore affirm the trial court's dismissal with prejudice of plaintiffs' survival action on *res judicata* grounds in appeal No. 2—97—1161.

For the foregoing reasons, the appeal in case No. 2—97—1160 is dismissed for lack of jurisdiction. The judgment of the circuit court of Winnebago County in appeal No. 2—97—1161 is affirmed.

No. 2—97—1160, Dismissed.
No. 2—97—1161, Affirmed.

INGLIS and RATHJE, JJ., concur.