MARUSA POOLE, Plaintiff-Appellee, v. TRICIA L. MOSLEY, Defendant-Appellant.

First District (6th Division)   No. 1—98—4768

Opinion filed September 3, 1999.

Keely Truax and Rachel Foster, both of Parrillo, Weiss & O'Halloran, of Chicago, for appellant.

Claudis B. Kahn, of Kipnis, Kahn & Bruggeman, of Chicago, for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

In this case, which involves personal injuries resulting from a vehicular collision, plaintiff obtained an arbitration award of $7,000 against defendant. Judgment was entered on the award, and defendant's attempt to set aside that award was rejected by the trial court. On appeal, defendant contends that the judgment was improperly entered because the parties had previously settled the matter.

On August 26, 1998, the arbitration award was entered for $7,000. The parties are in agreement that on September 9, 1998, the parties' attorneys agreed to settle the case for $7,000. However, on October 9, 1998, the trial court entered judgment for $7,000, plus costs ($330.80) and interest commencing thereon. One month later, defendant filed a motion to satisfy the judgment and to vacate the judgment entered on October 9, 1998.[1]

The trial court rejected defendant's effort after respective counsel filed conflicting affidavits. Defendant's counsel averred that the parties' agreement required that defendant would provide a draft for $7,000 within seven days of defendant's receipt of an executed release by plaintiff and entry of a dismissal order by the circuit court. Defense counsel received the executed release on September 18, 1998, with a request for the draft. While defense counsel admitted that thereafter he received messages that plaintiff's counsel had telephoned him, defense counsel claimed he was not informed what plaintiff's counsel wanted until he called plaintiff's counsel on October 8, 1998. Defense counsel then told plaintiff's counsel that a draft would be tendered one week after the release was executed *and* the dismissal order entered. Plaintiff's counsel replied that he would appear in court the next day and request entry of judgment on the arbitration award since

---

[1]The order bears the date stamp of October 8, 1998, but the parties agree and a subsequent order of court confirms that the date the judgment on the award was entered was October 9, 1998.

defendant had not filed a rejection of the award. Defense counsel claimed that he told plaintiff's counsel that a rejection had not been filed because of reliance on the agreement. Defense counsel was not able to contact another attorney at his firm who would be in court the next day, and as a result that attorney sought entry of a dismissal order because he thought the case had been settled.

Plaintiff's counsel filed an affidavit recounting a differing version. Plaintiff's counsel claimed that the settlement involved giving defense counsel an executed release in return within one week for a $7,000 draft; costs were to be waived. There was no discussion that payment would be conditioned on the entry of a dismissal order. The executed release was given to defense counsel on September 18, 1998, but when the latter did not respond, plaintiff's counsel called defense counsel on September 30, 1998, and succeeding days. Plaintiff's counsel could not reach defendant's counsel and left messages to return the calls. At 4:45 p.m. on October 8, 1998, defense counsel finally did so. During the ensuing conversation, defense counsel first mentioned the need for a dismissal order, and plaintiff's counsel replied that he would seek entry of judgment the following day.

The trial court denied defendant's motion to vacate the judgment, noting it had been "fully advised." No report of proceedings for the hearing leading to that denial has been presented by defendant, as appellant.

On appeal, defendant argues that she was not required to reject the arbitration award because the parties had settled the case.[2] She also contends that public policy favors settlements. Finally, she contends that plaintiff's remedy was to commence a proceeding to enforce the settlement agreement. Conversely, plaintiff argues that, based on the record before it, the trial court did not abuse its discretion in refusing to vacate the judgment entered on the arbitration award.

We must reject plaintiff's position that a settlement agreement was reached. Here plaintiff's counsel believed that he was to receive a $7,000 draft no later than September 25, 1998 (seven days after defendant received an executed release), and defendant's counsel believed that payment was not required until after a dismissal order had been entered. There was clearly a disagreement as to a material factor. See *Academy Chicago Publishers v. Cheever*, 144 Ill. 2d 24, 29 (1991).

Plaintiff's counsel tried to contact defense counsel on several occa-

---

[2]In defendant's motion to satisfy the judgment, defendant's counsel stated that respective counsel had failed "to reach a meeting of the minds on the settlement terms."

sions during the days leading up to entry of judgment on the arbitration award. Defense counsel, however, chose to ignore those calls until late in the business day preceding the entry of judgment. Clearly, defense counsel's inaction forced plaintiff's counsel to protect his client's interest by seeking entry of judgment.

We are further concerned that this entire matter apparently is being contested to the appellate level over the issue of court costs because defendant was willing to pay the damage amount of $7,000 awarded in the arbitration proceedings. Such conduct clearly acts to clog the judicial system with issues of questionable import.

After review of the record, we find that the trial court did not err in rejecting defendant's efforts to set aside the judgment entered on the arbitration award. See *Moon v. Jones*, 282 Ill. App. 3d 335, 338 (1996).

Affirmed.

CAMPBELL, P.J., and ZWICK, J., concur.