MICHELLE A. MAGEE, Plaintiff-Appellee, v. JANICE M. GARREAU, Defendant-Appellant.

Second District   No. 2—01—0519

Opinion filed July 30, 2002.

Keely Truax, of Parrillo, Weiss & O'Halloran, of Chicago, for appellant.

James T. Magee, of Magee, Negele & Associates, of Round Lake, for appellee.

JUSTICE CALLUM delivered the opinion of the court:

In July 2000, plaintiff, Michelle A. Magee, filed a small claims complaint against defendant, Janice M. Garreau, seeking $3,500 in damages for injuries sustained in an automobile accident on July 27, 1999. The complaint alleged that defendant's vehicle rear-ended plaintiff's vehicle. Plaintiff's amended complaint sought over $5,000 in damages. Plaintiff and defendant were each represented by counsel at the arbitration hearing on January 9, 2001. The arbitration panel awarded plaintiff $3,500 plus costs, and the award was filed with the clerk of the circuit court on January 16, 2001. The parties were notified that they had 30 days from that date to reject the award or judgment would be entered on the award. The matter was set for the entry of judgment on February 21, 2001, at 1:30 p.m. On that date, the trial court entered judgment for plaintiff.

On March 22, 2001, defendant, through counsel, Brian Russell, of the law firm of Parrillo, Weiss & O'Halloran (Parrillo), filed an undesignated "Motion" (the Motion) seeking to vacate the judgment entered on February 21 and seeking to enforce a settlement in the amount of $2,100 alleged to have been reached by the parties on February 5, 2001. On April 4, 2001, the trial court found "no legal basis" for defendant's Motion and denied it. Defendant appeals, arguing that there was an enforceable settlement agreement; that defendant complied with its terms and did not materially breach the agreement; and that the agreement should be enforced. Alternatively, defendant seeks a remand for further proceedings. We affirm.

Defendant's unverified Motion alleged that, on February 5, 2001, the parties reached a settlement wherein defendant "agreed to tender a draft for $2,100 on the award call date in exchange for an executed release and a dismissal with prejudice of the matter"; that defendant's counsel sent plaintiff's counsel a letter confirming the settlement and asked plaintiff's counsel to inform him if the described settlement did

not conform with his understanding; and that defendant's counsel never heard from plaintiff's counsel that this was not his understanding.

The Motion further alleged that, on February 21, 2001, the matter came before the court for the award call and defendant's counsel tendered plaintiff's counsel a draft for $2,100. However, plaintiff's counsel refused the tender, and the court entered judgment on the arbitration award. The Motion alleged that plaintiff's counsel indicated that he would not accept the draft because it included as payee a lienholder he was unaware of. The Motion concluded that defendant was now "severely prejudiced" and was facing a judgment for $1,400 more than the agreed settlement and an order requiring the payment of costs. The Motion prayed for a vacatur of the February 21 order and an extension of time for filing a rejection, or a vacatur of the order and an order enforcing the alleged settlement, or an order allowing defendant to tender to the clerk of the court the $2,100 draft in exchange for an order fully satisfying the February 21 judgment and fully releasing defendant.

Russell's affidavit supporting defendant's Motion stated that the settlement was reached with plaintiff's counsel, James Magee, on February 5, 2001; that the settlement consisted of defendant tendering a draft for $2,100 on the "award call" date in exchange for a full release of defendant and a dismissal with prejudice; and that no discussion of liens took place. Magee would not agree to send Russell a release and dismissal in advance of the award call date. Russell sent Magee a letter on February 6, 2001, confirming the agreement and asked him to notify Russell if this agreement was not his understanding. Russell's affidavit further stated he "never received any notification that he [Magee] did not understand the agreement to be stated above."

The affidavit of Marny Berridge stated that Berridge was an attorney who appeared for defendant at the February 21 award call; that on that date she tendered a draft to plaintiff's counsel for $2,100; and that the tender of the draft was refused by plaintiff's counsel because the draft included a lienholder as payee.

Plaintiff moved to strike or otherwise deny the Motion. Plaintiff argued that the Motion was not a true 30-day posttrial motion pursuant to section 2—1203 of the Code of Civil Procedure (735 ILCS 5/2—1203 (West 2000)). Section 2—1203 provides that, in a nonjury case, within 30 days after the entry of judgment, a party may file a motion for a rehearing, a retrial, a modification of the judgment, a vacatur of the judgment, or other relief. 735 ILCS 5/2—1203 (West 2000). To be valid and to extend the time for appeal, such a motion must be directed

against the judgment and must contain specific grounds warranting relief such as reconsideration or vacatur. *Robertson v. Winnebago County Forest Preserve District*, 301 Ill. App. 3d 520, 522-26 (1998).

In her motion, plaintiff argued that defendant's Motion did not state any grounds for relief from the judgment; that the Motion on its face indicated that defendant did not tender payment pursuant to the agreement; and that the appropriate procedure would have been to reject the judgment pending settlement. Plaintiff further stated that the Motion improperly asserted the existence of a settlement that was not performed; that the alleged settlement provided for payment to plaintiff no later than February 21 at 1:30 p.m.; and that the tender was made after that time and in a form payable to plaintiff and a third party and was not negotiable by plaintiff.

Magee's affidavit stated that, before arbitration, he repeatedly sought a settlement offer from defendant and no offer was ever made; that defendant's attorney advised that a settlement would not be considered until after the arbitration decision was announced; and that Russell first offered a settlement of $2,100 on February 1. On or about February 5, 2001, Magee informed Russell that the offer would be accepted if full payment was actually received before February 16. Russell advised that he could not assure payment before that date. Magee advised Russell that Magee's perception was that defendant's insurance carrier was likely to delay or otherwise frustrate payment; that any settlement would be absolutely conditioned upon full, prompt, and unconditional payment presented in the amount of $2,100 no later than 1:30 p.m. on February 21; that the tender must be made in advance of the issuance of any dismissal or release; and that any delay or contingency would mean there was no settlement. The affidavit incorporated "true" copies of Russell's letter of February 6 and Magee's letter of February 13.

According to Magee's affidavit, at 1:40 p.m. on February 21, he received from Berridge the tender of a check for $2,100 payable to plaintiff and Humana. Magee advised Berridge that the tender was technically late and included a payee not previously agreed to. Magee noted that the check was dated February 13, 2001. Upon Magee's inquiry, Berridge advised that she did not know when the check was received but that Magee must accept the check as presented because of a subrogation claim by Humana. Magee advised Berridge that he was not aware of a subrogation claim; that there was no agreement to accept a check subject to such claims; that this made it impossible to determine the value of the settlement; and that the form of the check meant that any actual payment would be delayed. Magee advised Berridge that the tender did not conform with the conditional settlement

agreement, was not immediately negotiable in the form presented, and was rejected.

Russell's letter of February 6 to Magee stated:

"This letter is to confirm our settlement of this matter for $2,100. Pursuant to our agreement we will exchange the draft for an executed release on February 21, 2001 at the award call date. At that time we will also dismiss this matter with prejudice. If this letter does not conform with your understanding please inform me immediately."

Magee's letter of February 13 to Russell stated:

"I write to confirm that we have agreed to accept settlement in the amount of $2,100.00 if paid no later than February 21, 2001 at 1:30 P.M. [the court status call]. If payment is made by then, we will dismiss the case; if payment is not made by then, we have no agreement.

If any questions exist, please call."

The terse bystander's report of proceedings merely states that the cause came before the court on April 4, 2001, on defendant's Motion to vacate the judgment. The court heard the arguments of counsel but did not take evidence. The respective parties made the same arguments set forth in the Motion and the response, and the court denied the Motion. A supplement to the bystander's report states that, although no evidentiary hearing was held, the parties agreed that both would testify as set out in their respective affidavits. The court further found that the Motion stated no appropriate grounds for relief as to the merits of the judgment or to compel settlement.

In response to defendant's arguments on appeal, plaintiff first argues that this court lacks jurisdiction to consider the judgment on the award because no valid posttrial motion was filed that effectuated an extension of time to file a notice of appeal. The nature of defendant's Motion is unclear. It is inartfully drafted and fails to state the legal authority, rule, or statute under which it was brought. It is doubtful that it satisfies the usual requirements of a motion to vacate the judgment under section 2—1203 of the Code. Such a 30-day post-judgment motion must be directed against the judgment and must be based on specific grounds that would provide a form of relief available under section 2—1203. The Motion did not allege that the trial court's judgment was in error. See *Robertson*, 301 Ill. App. 3d at 524-26. We need not decide whether the Motion was an improper motion to vacate as there was another legal basis for the Motion, as we shall explain.

■ However, we first point out that there is but one procedure for challenging an award entered in a mandatory arbitration proceeding: a party must file a timely notice of rejection of the award and request

a trial. As a limited exception, a party who fails to appear at the arbitration hearing may file a petition to vacate the judgment pursuant to sections 2—1301 and 2—1401 of the Code (735 ILCS 5/2—1301, 2—1401 (West 2000); 145 Ill. 2d R. 91(a); *Mrugala v. Fairfield Ford, Inc.*, 325 Ill. App. 3d 484, 490 (2001)). The role of the circuit court in such a proceeding is limited, and once the arbitration panel has made its award, the award is deemed an all-or-nothing proposition and the parties must accept or reject the award in its entirety. If none of the parties files a notice of rejection of the award and requests to proceed to trial within the time specified, the circuit court has no real function beyond entering judgment on the award. Although the court can correct an obvious and unambiguous error in mathematics or language, it cannot modify the substantive provisions of the award. *Mrugala*, 325 Ill. App. 3d at 492; 155 Ill. 2d R. 92. In this case, the court had no choice but to enter judgment on the award.

In response to plaintiff's jurisdictional argument, defendant asserts that there was a legal basis for the Motion because a party may file a motion to enforce a settlement agreement within a lawsuit. Defendant cites, for example, *Kim v. Alvey, Inc.*, 322 Ill. App. 3d 657 (2001). In *Kim*, the filing of such a motion was proper because it could be deemed a supplementary or an enforcement proceeding to *satisfy* the judgment rather than to modify or vacate it. *Kim*, 322 Ill. App. 3d at 666-67. Undoubtedly, the trial court in the present case could have benefitted from a clearer articulation of the legal basis for the Motion. In any case, it appears that a motion to enforce a settlement agreement can be made within 30 days of the entry of the judgment while the trial court still retains jurisdiction of the cause.

In *Brewer v. National R.R. Passenger Corp.*, 165 Ill. 2d 100 (1995), a nonarbitration case, the trial court held a pretrial settlement conference and the parties' attorneys reached a settlement agreement. As a result, the trial court dismissed the lawsuit with prejudice; the order incorporated the defendant's agreement to pay the plaintiff. Within 9 days of the order, the defendant moved to enforce its version of the agreement, and within 29 days of the order the plaintiff timely moved to vacate the dismissal order. The trial court denied the plaintiff's motion to vacate and granted the defendant's motion to enforce the settlement agreement. In a subsequent appeal, the supreme court noted that a trial court retains jurisdiction over a cause for 30 days after the entry of a final order or judgment and that the *plaintiff's* timely section 2—1203 motion properly brought before the trial court the issue of the validity of the settlement agreement. The *Brewer* court noted that a trial court has the power to enforce a settlement agreement while the suit is still pending before the court; the supreme court held

that the trial court retained jurisdiction to enforce the agreement. *Brewer*, 165 Ill. 2d at 105.

To the extent that defendant asserts that her Motion was in the nature of a supplementary or enforcement proceeding to satisfy the judgment while the trial court still retained jurisdiction, we consider whether the Motion presented a meritorious claim to enforce the alleged settlement agreement. We conclude that it did not.

■ Defendant argues that this court should review the issue of the purported agreement *de novo*. Defendant relies on *Solar v. Weinberg*, 274 Ill. App. 3d 726, 731 (1995), which states that, in the absence of any material question of fact, the construction of a contract and its legal effect present questions of law that may be independently determined by the reviewing court unrestrained by the trial court's judgment. Defendant notes that the trial court did not hold an evidentiary hearing and asserts that an error of law and a question whether a pleading fails to state a cause of action are reviewable *de novo*. We agree. Here, as in the trial court, defendant relies on the affidavits, exhibits, and matters of record, at least to the extent that they might support her position. Defendant did not request an evidentiary hearing. Thus, such a hearing was waived where the court relied on the pleadings, affidavits, and other matters of record. See *Kellett v. Roberts*, 276 Ill. App. 3d 164, 175 (1995); *Smith v. Cole*, 256 Ill. App. 3d 806, 810 (1993). Furthermore, where, as here, there are no questions as to the facts essential to a purported contract, the existence of the contract is a question of law. *Ogle v. Hotto*, 273 Ill. App. 3d 313, 320 (1995). Defendant, as movant, had the burden of proof to show that she was entitled to the relief requested. See *Bright v. Dicke*, 166 Ill. 2d 204, 210 (1995).

■ Defendant begins with the assumption that there was an enforceable settlement agreement, but defendant failed to establish by clear, specific analysis, both here and in the trial court, that all of the elements of a valid contract were met. A settlement agreement is binding only if there is an offer, an acceptance, and a meeting of the minds as to the terms of the settlement. *Sementa v. Tylman*, 230 Ill. App. 3d 701, 705 (1992). The acceptance must comply strictly with the terms of the offer. An acceptance requesting modification or containing terms that vary from those offered constitutes a rejection of the original offer and becomes a counterproposal that must be accepted by the original offer or before a valid contract is formed. *Hills of Palos Condominium Ass'n v. I-Del, Inc.*, 255 Ill. App. 3d 448, 477 (1993).

■ Russell's letter to Magee manifested an offer to settle that invited response. Magee's response, as stated both in his affidavit and in his letter, was that he agreed to accept the settlement in the amount

of $2,100 if paid no later than February 21, at 1:30 p.m. The letter clearly stated that, "if payment is not made by then, we have no agreement." A careful examination of Russell's terse affidavit shows that it did not directly contradict Magee's. Defendant attempts to "spin" the facts in her brief by denying receipt of Magee's letter wherein Magee demanded payment by 1:30 p.m. There is no direct support in the record for such a denial. In his highly qualified statement in his affidavit, Russell merely stated that he "never received any notification that he [Magee] did not understand the agreement to be stated above." This is not the same as saying that he never received any letter at all. In any case, defendant failed to establish this specific fact in the trial court and cannot create a disputed question of fact merely by stating unfounded facts in her brief. We have absolutely no reason to question the veracity of Magee's affidavit, which incorporated his letter, notwithstanding defendant's innuendos.

Defendant also claims that nothing in Magee's letter indicates that a payment after 1:30 p.m. was untimely. However, the letter clearly and unequivocally made payment at that time an essential condition precedent to the existence of an agreement. This condition is also stated in Magee's affidavit.

Defendant also introduced new terms into the purported agreement by adding an unknown third-party payee lienholder. Yet, the issue of liens, by Russell's own admission in his affidavit, was never discussed. It is clear from the undisputed facts that there was no meeting of the minds to support the formation of an enforceable contract. The trial court properly denied the Motion.

A similar result was reached in *Poole v. Mosley*, 307 Ill. App. 3d 625 (1999). *Poole* was an arbitration case arising from a vehicular collision. Defendant was represented by the Parrillo law firm. A judgment for $7,000 was entered for plaintiff on the arbitration award. Defendant moved unsuccessfully to set aside the judgment based on a purported settlement agreement. On appeal, the reviewing court held that the judgment on the award was not subject to vacatur even though defendant contended that the parties had entered into a settlement agreement after the award was entered but before the entry of judgment. Based on the parties' affidavits filed in the trial court following the entry of judgment on the award, the reviewing court concluded that the parties disagreed as to a material "factor" so that there was no enforceable agreement.

In *Poole*, plaintiff's counsel believed that he was to receive a $7,000 draft no later than September 25, 1998, seven days after defendant received an executed release, but defense counsel believed that payment was not required until after a dismissal order had been entered.

According to plaintiff's counsel, defense counsel first mentioned the need for a dismissal order on the eve of the entry of judgment even though there had been no prior discussion that payment would be conditioned on the entry of a dismissal order. The reviewing court noted that defense counsel's inaction in ignoring plaintiff's counsel's inquiries until late in the business day preceding the entry of judgment forced plaintiff's counsel to protect his client's interest by seeking the entry of judgment. The reviewing court affirmed the denial of defendant's motion.

■ Finally, plaintiff contends that this appeal is frivolous and requests this court to impose sanctions, in the form of attorney fees, against defense counsel pursuant to Supreme Court Rule 375(b) (155 Ill. 2d R. 375(b)). Plaintiff argues that the primary purpose of the appeal is to delay, harass, or cause needless expense and that defendant has failed to consider this court's jurisdiction or to present sufficient argument on the merits. We agree.

Under Rule 375(b), a reviewing court may sanction a party for an appeal that is frivolous or is taken for an improper purpose. An appeal is frivolous if it is not reasonably well grounded in fact and is not warranted by existing law or a good-faith argument to extend, modify, or reverse existing law, or if a reasonable and prudent attorney would not have taken the appeal. An appeal is taken for an improper purpose if it is designed to delay, harass, or cause needless expense. *Belfour v. Schaumburg Auto*, 306 Ill. App. 3d 234, 244 (1999).

Beyond the salient jurisdictional concerns, this appeal is utterly without merit. Defense counsel argued that the parties had an enforceable settlement agreement when the undisputed facts clearly revealed no meeting of the minds. Furthermore, in an attempt to manufacture some inkling of merit, counsel took liberties with the facts that bordered on outright misrepresentations. We have no choice but to conclude that this appeal is frivolous and was taken for an improper purpose.

Thus, we direct plaintiff to submit within 14 days an affidavit and detailed statement of reasonable expenses and attorney fees incurred as a result of defending this appeal. Parrillo will have 14 days thereafter to respond to the reasonableness of the expenses and fees. We then will file an order determining the amount of the sanction to be imposed on Parrillo. See *Belfour*, 306 Ill. App. 3d at 245.

For these reasons, we affirm the judgment of the circuit court of

Lake County, and we impose sanctions against Parrillo under Supreme Court Rule 375(b).

Affirmed; sanctions imposed.

GEIGER and O'MALLEY, JJ., concur.